OPINION
This is an accelerated appeal of a Brown County Court of Common Pleas, Domestic Relations Division, judgment in a divorce proceeding designating defendant-appellee, James Richard Layne, as the residential parent and legal custodian of the parties' minor child, Brandon Layne.[1]
In the first assignment of error, plaintiff-appellant, Robin K. Layne, argues that the trial court judge erred by sustaining appellee's objections to the magistrate's decision and designating appellee as the residential parent and legal custodian of Brandon. When reviewing a magistrate's decision, the trial court judge has the "ultimate authority and responsibility over the [magistrate's] findings and rulings." Kubinv. Kubin (2000), 140 Ohio App.3d 367, N quoting Hartt v. Munobe (1993),67 Ohio St.3d 3, 5. A trial court has broad discretion in custody proceedings. See, e.g., Davis v. Flickinger (1997), 77 Ohio St.3d 415,418. Because "custody issues are some of the most difficult and agonizing decisions a trial judge must make[,] * * * a trial judge must have wide latitude in considering all the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion." Id.
The trial court must promote the best interest of the child when making an allocation of parental rights. R.C. 3109.04(B)(1). When ascertaining the child's best interest, the trial court shall consider the factors listed by R.C. 3109.04(F)(1)(a) — (j). In its decision, the trial court stated that a consideration of the factors under R.C. 3109.04(F)(1) weighed in favor of designating appellee as Brandon's legal custodian and residential parent. Upon a careful review of the record, we find that the trial court did not abuse its discretion in sustaining appellee's objections to the magistrate's decision, and therefore the first assignment of error is overruled.
In the second assignment of error, appellant alleges that the trial court improperly considered her sexual orientation when determining who should be the residential parent and legal custodian of Brandon. In a lengthy list of concerns that it had regarding appellant's stability, the trial court cited appellant's relationship with another woman. A trial court determining the allocation of parental rights and responsibilities may consider a parent's sexual orientation only if the sexual orientation has "a direct adverse impact" on the child. Inscoe v. Inscoe (1997),121 Ohio App.3d 396, 415. However, there is evidence in the record that Brandon was upset by appellant's relationship with another woman. Therefore, it was not error for the trial court to consider this factor as one of many in its custody determination. The second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.