DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas, Juvenile Division, that denied appellant's objections to the decision of the magistrate. For the reasons that follow, we affirm the judgment of the trial court.
In relevant part, this action originated on August 19, 1996, in the trial court as a complaint in parentage, wherein appellee, Terry J., sought a finding that appellant, Tyrone F., was the natural father of appellee's three minor children, and requested support from appellant for the children, plus costs for pursuing the action. The case proceeded and appellant was adjudicated the father of the children, a visitation schedule was established, and a support order entered.
On November 13, 2000, appellee filed a motion to show cause against appellant on the basis that appellant failed to return the children pursuant to the agreed visitation schedule. In December 2000, appellant was served with a notice of hearing on appellee's motion, to be held on January 24, 2001. On January 24, 2001, a hearing was held on appellee's motion to show cause, for attorney fees, and to modify the visitation and companionship order. Appellant failed to appear for the hearing. The magistrate found that appellant violated the terms of the visitation order "at least ten times since November 16, 1999," by not returning the children to appellee in accordance with the agreed visitation order. The magistrate granted appellee's motion, held appellant in contempt, ordered appellant to serve thirty days at the Corrections Center for Northwest Ohio, but suspended the term of incarceration on the condition that appellant comply with all terms of the visitation order, and ordered that the visitation order be modified to follow the court's standard visitation schedule. Appellee was also awarded $900 in attorney fees.
On February 6, 2001, appellant objected to the magistrate's decision on the basis that he was "under mental stress" and forgot the hearing date was January 24, 2001, but noted that he did appear on January 25, 2001, as he believed that was the hearing date. Additionally, appellant made arguments concerning appellee's treatment of the children and, although his motion to obtain custody had previously been dismissed, appellant reasserted his desire to have custody of the children.
On March 27, 2001, without hearing, the trial court denied appellant's objections and affirmed the decision of the magistrate. Appellant appealed the judgment of the trial court to this court. On May 30, 2001, the transcript of the January 24, 2001, hearing was filed with the trial court and the record was transmitted to this court on May 31, 2001. On July 11, 2001, we remanded the case to the trial court because the form of the trial court's decision was not a final appealable order, as it failed to comply with Civ.R. 54(A).[1] On August 16, 2001, again affirming the decision of the magistrate, the trial court corrected the form of its judgment entry to comply with Civ.R. 54(A) and make the judgment entry a final appealable order.
Thereafter, the matter returned to this court on appellant's appeal, wherein appellant raises the following sole assignment of error:
 "THE COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND JUDGMENT ENTRY DATED JANUARY 24, 2001, WITHOUT A HEARING AND WITHOUT AFFORDING THE APPELLANT THE OPPORTUNITY TO PURGE HIMSELF OF HIS CONTEMPT."
Appellant argues in his appeal that his objections "could be taken as a request to vacate a default judgment pursuant to Civil Rule 55, specifically for excusable neglect as stated in Civil Rule 60(B)(1)." Appellant also argues that had the trial court conducted a hearing on his objections, "appellant would have been able to present both his defenses to the motion to show cause and the facts which would support his claim that his daughter's health and his own stress prevented his appearance at trial." Appellant further argues that, insofar as he is indigent, he should not have been ordered to pay $900 for appellee's attorney fees in bringing the motion to show cause. Finally, appellant argues that "although the magistrate's decision stays the sentence of incarceration which was imposed, the order contains no provision allowing the appellant to purge himself of his contempt."
Initially, we note that Civ.R. 53 does not require the trial court to hold a hearing before ruling upon objections to a magistrate's decision.[2] As such, the trial court did not abuse its discretion in denying appellant's objections to the magistrate's decision without conducting a hearing.
Additionally, if appellant desired to have the judgment of the trial court overturned on the basis of Civ.R. 55 or Civ.R. 60(B), then he should have filed either of those motions with the trial court. Each rule has procedures and requirements specific to it which were never considered by the trial court. As such, we cannot decide this appeal on the basis of either Civ.R. 55 or Civ.R. 60(B).
With respect to the merits of this case and whether appellant should have been ordered to pay appellee's attorney fees, we note that pursuant to Civ.R. 53(E)(3)(b), the party objecting has the burden of demonstrating those objections through the record. Appellant failed to file a transcript of the January 24, 2001, hearing with the trial court. "[A]n appellate court is precluded from considering a transcript of a magistrate's hearing when the parties failed to provide such transcript to the trial court upon the filing of objections to a magistrate's decision."[3] As such, our review is limited to whether or not the trial court's application of the law to the magistrate's factual findings constituted an abuse of discretion.[4] Without a transcript of the hearing, the trial court was within its discretion to disregard any objections to factual matters which were challenged by appellant.[5]
We note that the transcript of the hearing before the magistrate was in the file when we remanded the matter to the trial court to correct the form of its judgment entry. This fact, however, does not negate appellant's burden to ensure that the transcript was actually filed, with the clerk of courts, prior to the trial court ruling on his objections.[6] Moreover, we note that when we remanded this matter, the trial court was only required to correct the form of its judgment entry, not reconsider the merits of appellant's objections.
Finally, appellant argues that the court provided no provision that would allow appellant to purge himself of the contempt and thereby release him from the sanction. We disagree.
A hearing is required for indirect contempt which did not occur before the trial court.[7] Also, a sanction for civil contempt must allow the contemnor to purge himself of the contempt.[8] "Once the contemnor complies with the court's order, the purpose of the contempt sanction has been achieved and the sanction is discontinued."[9]
In this case, appellant was given an opportunity to be heard at a hearing to clear himself of the contempt, that hearing was held on January 24, 2001. Appellant, however, failed to appear at that hearing and therefore did not take advantage of the opportunity provided to him to purge himself of the contempt. Moreover, appellant argues that the court provided no provision that would allow him to purge himself of the contempt and thereby release him from the sanction. Appellant is entirely incorrect in this regard. To be relieved from the contempt sanction, appellant need only comply with the terms of the visitation order.
Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's objections to the magistrate's decision without a hearing. We therefore find appellant's sole assignment of error not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.
[1] See In the matter of: Terry J. v. Tyrone F. (July 11, 2001), Lucas App. No. L-01-1249, unreported.
[2] Kubin v. Kubin (2000), 140 Ohio App.3d 367, 371.
[3] Vistula Mgmt. Co. v. Newson (1997), 120 Ohio App.3d 500, 503, citing, State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730.
[4] Id.
[5] See Purpura v. Purpura (1986), 33 Ohio App.3d 237, 239. See, also,Belock v. Belock (Mar. 25, 1994), Geauga App. No. 92-G-1748, unreported; and Dawson v. Dawson (Sept. 27, 1999), Stark App. No. 1999CA00063, unreported.
[6] See Dawson, supra.
[7] In re Purola (1991), 73 Ohio App.3d 306, 312.
[8] Id.
[9] Purola, supra, citing, Cleveland v. Ramsey (1988),56 Ohio App.3d 108, 110.