OPINION
Plaintiff-appellant, Donna C. Walker, appeals from a judgment of the Butler County Common Pleas Court, Domestic Relations Division, granting her a divorce from defendant-appellee, Scott L. Walker. Donna argues the trial court abused its discretion in valuing Scott's business for property division purposes and in entering a shared parenting order regarding the parties' children. The trial court's judgment is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
Scott and Donna were married in 1986. Two children were born as issue of their marriage: Jason, born in 1991, and Danielle, born in 1993. Scott operates a sole proprietorship called Digital I/O Source, which is a digital photographic studio that photographs "technical scientific industrial items" for Proctor and Gamble. During the parties' marriage, Donna worked both as a nurse and for Digital I/O Source.
In March 1999, Donna filed a complaint for divorce. Scott filed an answer and counterclaim. Hearings were held on the matter between September 1999 and December 1999. One of the major issues litigated by the parties was the valuation of Digital I/O Source. Both parties presented expert testimony on the issue. Scott's expert, Jack Hastings, valued the company at $98,000, while Donna's expert, Lawrence Pongonis, valued it at $389,000. The parties also presented a proposed shared parenting plan to the trial court at the hearing. The only custody issue the parties left to the trial court for determination was whether Scott should receive Monday overnight visitation with the children.
In March 2000, the trial court issued a decision valuing the company at $186,406 "after review of the valuation report of Mr. Hastings." The trial court resolved the Monday overnight visitation issue by granting Scott overnight visitation on Sundays rather than Mondays, and additional visitation on Mondays and Wednesdays from after school to 8:30 p.m.
Scott subsequently moved the trial court to reconsider its decision on the business valuation on grounds that his expert's valuation did not take into consideration the business' debt. The trial court granted Scott's motion to reconsider and subsequently issued a decision valuing the company at $31,427.23, after taking into account the company's cash and cash equivalents, and debt.
In February 2001, Donna moved for reallocation of shared parenting time, asking the trial court to reinstate the parties' original shared parenting plan with the exception of Monday overnight visitation and holidays. Following a hearing, the trial court overruled Donna's motion for reallocation of shared parenting time.
In June 2001, the trial court issued a final decree of divorce, adopting its prior decisions regarding property division, shared parenting and child support.
Donna appeals from that decision, raising two assignments of error.
Assignment of Error No. 1
 "THE TRIAL COURT ABUSED ITS DISCRETION IN THE DIVISION OF PROPERTY."
Donna argues the trial court abused its discretion in valuing the parties' business. Donna further argues that as a result of the erroneous division of assets, the trial court's equal division of the parties' property was inequitable.
A trial court has broad discretion in dividing property in divorce cases, and its decision will be upheld absent an abuse of discretion.Middendorf v. Middendorf, 82 Ohio St.3d 397, 401, 1998-Ohio-403. An "abuse of discretion" is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
As a threshold matter, we note that "[t]he appellant bears the responsibility for ensuring that any portions of the transcript of the proceedings which are necessary for review are transmitted to the court of appeals as a part of the record." Wiltsie v. Teamor (1993),89 Ohio App.3d 380, 386. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
Our review of Donna's first assignment of error is hampered by the absence from the record of the direct examination and the initial part of the cross-examination of Scott's expert witness, Jack Hastings. This testimony was apparently given in the late morning or afternoon of December 14, 1999. Donna filed a praecipe for preparing a complete transcript of all hearings in the case, including the one held on December 14, 1999. However, the December 14, 1999 transcript that was submitted only contains Scott's testimony from 8:30 a.m. to 9:00 a.m. The only part of Hastings' testimony that appears in the record is the second part of his cross-examination, and his redirect and re-cross examinations. This testimony was taken on December 29, 1999, and was transcribed and made a part of the record on appeal. Additionally, it appears that Donna had to be aware that Hasting's direct examination was missing from the record because Donna's brief includes citations to the latter part of Hasting's cross-examination taken on December 29, 1999, but does not include any citation to Hastings' direct examination. On the other hand, Hasting's appraisal report of Scott's company has been included in the record on appeal.
Despite the gaps in the record on appeal, some of Donna's arguments can be addressed without reference to Hastings' testimony. For example, Donna criticizes Hastings' decision to use only one method for valuing Scott's digital photography business. However, in his appraisal of the company's value, Hastings explains in detail his reasons for not using different approaches in valuing Scott's business. For instance, Hastings did not utilize the "market" or "comparable sales" approach to valuing the business because after searching the marketplace for comparable sales, he could not find any other businesses that were truly comparable. Hastings' explanations for using the income approach to value the business, as opposed to the market or cost approaches, was not unreasonable or arbitrary.
Nevertheless, we are confused by one aspect of the trial court's ruling, namely, its valuing the company at $186,406 (prior to considering cash, cash equivalents, and debt), even though Hastings' appraisal listed the business' value at $98,000. Specifically, we are unable to determine why the trial court decided to add approximately $88,000 to the estimated value of the business set forth in Hastings' report, and not some other, possibly higher, amount. There are several possible reasons for the trial court's actions. For example, there was testimony that Scott had taken some personal expenses as business expenses. However, without knowing why the trial court decided to add approximately $88,000 to Hastings' estimation of the business' value, we cannot say that the trial court had a "rational evidentiary basis" for assigning the value it did to the business, as it was required to have. See McCoy v. McCoy (1993),91 Ohio App.3d 570, 578. See, also, Sowald and Morganstern, Domestic Relations Law (1997) 527, Section 12.28.
We therefore remand the matter. The trial court is instructed to specify its reasons for having initially valued the business at $186,406, prior to adding the business' cash and cash equivalents and subtracting the business' debt from that amount.
Accordingly, Donna's first assignment of error is sustained to the extent indicated.
Assignment of Error No. 2
 "THE TRIAL COURT ABUSED ITS DISCRETION IN THE ALLOCATION OF SHARED PARENTING RIGHTS CONTRARY TO THE BEST INTERESTS OF THE CHILDREN."
Donna argues that "* * * under the totality of the circumstances test, it was not in the best interests of the children to share parental rights and responsibilities between the parents when Appellee [Scott] was allegedly violent, was subject to protection orders, and had not met his support obligations." Essentially, Donna is asserting that the trial court abused its discretion by not naming her the sole residential parent and legal custodian of the parties' children. We disagree with this argument.
R.C. 3109.041(A) requires a trial court to allocate the parental rights and responsibilities for the care of minor children. Arthur v. Arthur
(1998), 130 Ohio App.3d 398, 406. The trial court may either designate one parent as residential parent and legal custodian of the children, or may issue a shared parenting order requiring the parents to share all or some aspects of the children's physical and legal care. Id., citing R.C. 3109.04(A)(1) and (2). The trial court has broad discretion in custody proceedings, and its decision will not be reversed unless the trial court abuses its discretion. Kubin v. Kubin (2000),140 Ohio App.3d 367, 371.
Here, Donna never requested the trial court to name her the children's sole residential parent and legal custodian as she is essentially doing now. "Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed." State exrel. Quarto Mining Co. v. Foreman, 79 Ohio St.3d 78, 81, 1997-Ohio-71, quoting Goldberg v. Indus. Comm. (1936), 131 Ohio St. 399, 404.
The record shows that Donna herself submitted a proposed shared parenting plan. The only parenting issue on which the parties could not agree was whether Scott should be allowed overnight Monday visitation with the children. In its March 2000 decision, the trial court switched Scott's overnight Monday visitation to overnight Sunday visitation and granted Scott additional visitation with the children from after school to 8:30 p.m. on Mondays and Wednesdays.
When Donna moved for reallocation of shared parenting time in February 2001, Donna again did not request that the trial court name her sole residential parent and legal custodian of the children. Instead, she only requested that the trial court reinstate the parties' original proposed shared parenting plan, except for the provision allowing Scott visitation with the children overnight on Mondays and on holidays. Since Donna never requested to be named the children's sole residential parent and legal custodian, she cannot now claim that the trial court abused its discretion by entering a shared parenting order.
We also conclude that the trial court did not abuse its discretion by refusing to reinstate the parties' original proposed shared parenting plan with the exception of Monday overnight visitation and holidays, as Donna had requested. Scott's act of "head-butting" Donna in front of their children on one occasion was reprehensible, as was his failure to meet his child support obligations in a timely manner. However, in ruling on Donna's motion for reallocation of shared parenting time, the trial court noted that there had been no further incidents between the parties since August 14, 2000. Furthermore, the trial court ordered Scott to pay the approximately $7,500 arrearage on his child support obligations.
In light of the foregoing, Donna's second assignment of error is overruled.
Judgment affirmed in part and reversed in part, and the cause is remanded for further proceedings according to law and consistent with this opinion.
YOUNG and VALEN, JJ., concur.