OPINION
{¶ 1} Plaintiff-appellant, Danette K. Meyer, appeals from a decision of the Warren County Common Pleas Court, Juvenile Division, naming defendant-appellee, Lawrence A. Reithman, the residential parent of their child, Isaiah A. Meyer Reithman.
 {¶ 2} Appellant and appellee dated for approximately six to seven months. During the course of their relationship, appellant became pregnant. Appellee terminated the relationship when appellant was about five months pregnant. On November 11, 2000, appellant gave birth to Isaiah.
 {¶ 3} In April 2001, the Warren County Child Support Enforcement Agency filed a complaint to determine parentage. Appellee acknowledged that he was Isaiah's father and filed a complaint requesting that he be named Isaiah's residential parent.
 {¶ 4} A hearing was held on the matter in August and September of 2001. On November 1, 2001, the magistrate issued a decision granting appellee's request that he be named Isaiah's residential parent. Appellant filed objections to the magistrate's decision with the trial court. On April 19, 2002, the trial court overruled appellant's objections to the magistrate's decision and adopted the decision as its order.
 {¶ 5} Appellant appeals from the trial court's decision, raising one assignment of error:
 {¶ 6} "The Trial Court's Decision To Award Appellee Residential Parent Status For The Minor Child Was An Abuse Of Discretion."
 {¶ 7} Appellant argues that the trial court abused its discretion by engaging in an inappropriate inquiry into her moral conduct when determining the best interest of the parties' child. Specifically, appellant contends that it was improper for the trial court to speculate on whether her relationship with her current, live-in boyfriend would last. Appellant further contends that the trial court failed to make the "requisite" finding that her unmarried relationship status with her boyfriend and her frequent moving from one place to another would adversely affect the parties' child. We find appellant's arguments unpersuasive.
 {¶ 8} A trial court has broad discretion in custody proceedings.Kubin v. Kubin (2000), 140 Ohio App.3d 367, 371. When allocating parental rights and responsibilities for the care of a child, the trial court must take into account the child's "best interest." R.C. 3109.04(B)(1). In determining a child's best interest, the trial court must consider "all relevant factors," R.C. 3109.04(F)(1), including, but not limited to, such factors as the child's adjustment to his home, school, and community. R.C. 3109.04(F)(1)(d).
 {¶ 9} In this case, the trial court's decision to name appellee the residential parent of the parties' child was predicated upon appellant's unstable economic circumstances and housing situation. The evidence showed that appellant lived in four different locations over the 18-month period preceding the hearing held in this matter, and held three different jobs in that same time period. At the time of the hearing, appellant was unemployed, and was living with and receiving financial support from her boyfriend, whom she first began dating in January 2001. Appellant states in her brief that she and her boyfriend plan to get married in the future, but a review of the boyfriend's testimony shows that it is unclear whether they intend to get married in the future or whether they simply intend to discuss that subject in the future. In any event, the evidence does not demonstrate that the trial court erred in finding that appellee's relationship with his wife is more stable and permanent than appellant's relationship with her boyfriend. As the trial court noted in its decision overruling appellant's objections to the magistrate's decision:
 {¶ 10} "It is of concern to the Court that the mother's history shows a consistent pattern of living in various homes with different boyfriends over the years. Perhaps mother's current relationship will be permanent. However, the relationship has not been of such a long-standing duration that the Court can draw such a conclusion at this time."
 {¶ 11} While the trial court noted that appellant had been involved with several different men over the years, it did so not to pass moral judgment on her, as appellant argues, but rather, to demonstrate the instability of her domestic life, particularly, her housing situation. These were relevant factors for the trial court to consider in determining the best interests of the parties' child, pursuant to R.C.3109.04(F)(1). This was especially true in light of the fact that appellant appears to be currently relying on her boyfriend as her sole means of economic support. The trial court did not abuse its discretion in taking these factors into account. Furthermore, it was implicit in the magistrate's and trial court's findings that appellant's economic and housing predicaments would adversely affect the child. There was ample evidence presented to support the magistrate's and trial court's findings and conclusions.
 {¶ 12} Appellant's sole assignment of error is overruled.
 {¶ 13} The trial court's judgment is affirmed.
POWELL, P.J., and VALEN, J., concur.