JOURNAL ENTRY AND OPINION.
{¶ 1} In this appeal, defendant-appellant Richard Oleksy claims that the trial court erred in adopting the magistrate's decision that denied his motion for reallocation of parental rights and responsibilities, motion to show cause, and motion to modify support and found him in contempt of court for arrearage in child support, and ordered him to pay his daughter's medical expenses and $6,500 in attorney fees. For the reasons set forth below, we reject these contentions and affirm the decision of the trial court.
 {¶ 2} Plaintiff Jill Schraff and defendant were married in August 1983. One child was born as issue of the marriage: Jennifer, born January 14, 1988. At the time of the marriage, plaintiff was 23 years old and defendant was 52 years old. Plaintiff filed for divorce on August 20, 1997. Defendant counterclaimed on September 4, 1997. On March 22, 1999, the marriage was dissolved by decree of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. The original decree named plaintiff as residential parent of the minor child and ordered defendant to pay child[1] and spousal support[2] in the amount of $2,900 per month. The original decree also found defendant to be in arrears of his temporary spousal and child support obligations in the amount of $20,919.36.[3] Finally, the decree ordered defendant to provide health insurance coverage for the minor child and pay 87% of her unreimbursed medical expenses.
 {¶ 3} On November 30, 1999, defendant filed a motion for reallocation of parental rights and responsibilities seeking to be designated the residential parent.
 {¶ 4} On January 7, 2000, plaintiff filed a motion to show cause and for attorney fees alleging that defendant had violated the terms of the divorce decree and the Shared Parenting Plan.
 {¶ 5} On April 12, 2000, plaintiff filed a motion to dismiss defendant's motion for reallocation of parental rights and responsibilities claiming that defendant failed to allege any change in circumstances as a basis for the motion as required by statute. Plaintiff's motion was accompanied by a motion for sanctions and attorney fees.
 {¶ 6} On May 23, 2000, defendant filed an amended motion for reallocation of parental rights and responsibilities alleging that the minor child was late for school and extra-curricular activities because plaintiff had moved further away from the school. Defendant also claimed that plaintiff was hindering his relationship with the child.
 {¶ 7} On August 24, 2000, defendant filed a motion to show cause and for attorney fees alleging that plaintiff refused to allow him to visit with the minor child as provided in the Shared Parenting Plan.
 {¶ 8} On April 12, 2001, plaintiff filed a second motion to show cause alleging that defendant had failed to make child and spousal support payments from January, 2001 to the date of filing.
 {¶ 9} On October 12, 2001, defendant filed a motion to modify child support alleging that he was retiring from his job.
 {¶ 10} Hearings on these motions were held on January 23, 24, 25, 28 and 31, 2002 before a magistrate. Both parties testified and witnesses were presented. At the hearing, defendant testified that he had a good relationship with the child and that he was involved in her sports activities. Defendant also presented the testimony of several neighbors and friends who said that defendant and the child got along very well.
 {¶ 11} Plaintiff testified that defendant had not seen the child since August 2000. Plaintiff testified that the child told her that she was afraid of the defendant and therefore she took the child to a counselor after the child refused to visit with the defendant. Plaintiff stated that defendant refused to participate in the counseling. Ellen Miller, the court-appointed social worker, testified that the child did not want to visit with the defendant. Ms. Miller also testified that she did not think defendant should visit with the child until he participated in the child's counseling and obtained his own counseling. She testified that the child told her that the defendant refused to return some of her belongings and returned presents that the child had given him.
 {¶ 12} On June 7, 2002, the magistrate issued her decision. Defendant's motion to modify parental rights and responsibilities, motion to show cause, motion for attorney fees and motion to modify child support were denied. Specifically, the magistrate found that there was no change in circumstances to necessitate a modification of the Shared Parenting Plan and that defendant presented insufficient evidence to alter his child support obligation. The magistrate also found that plaintiff had not interfered with the defendant's visitation with the minor child.
 {¶ 13} Plaintiff's original motion for sanctions, motion to show cause and motion for attorney fees were denied. Plaintiff's motion to dismiss defendant's motion to modify parental rights and responsibilities and second motion to show cause and motion for attorney fees were granted. Specifically, defendant was found to be in arrears in the amount of $34,196.71[4], defendant was ordered to pay $2,464.58 in medical expenses for the child and plaintiff was awarded attorney fees in the amount of $6,500.
 {¶ 14} On October 8, 2002, defendant filed objections to the magistrate's decision. On February 19, 2003, the trial court overruled the objections and adopted the magistrate's decision.
 {¶ 15} Defendant raises two assignments of error on appeal.
 {¶ 16} "I. The trial court failed to indicate the basis for its decision."
 {¶ 17} In his first assignment of error, defendant argues that the trial court erred in adopting the magistrate's decision without reaching its own separate conclusion. We disagree.
 {¶ 18} Civ.R. 52 provides that "an opinion or memorandum or decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law separately shall be sufficient to satisfy the requirements of this rule and Rule 41(B)(2)."
 {¶ 19} Here, the trial court adopted the findings of fact and conclusions of law as issued by the magistrate. The magistrate's 14-page decision addressed every issue presented by the parties and contained detailed analyses to support each conclusion. These findings of fact and conclusions of law, as adopted by the trial court, were sufficient to set forth the basis of the court's decision and to allow this Court to review the decision. Accordingly, we find no error in the court's failure to issue findings of fact and conclusions of law separate from the magistrate's findings and conclusions. See Burkes v. Burkes (Mar. 23, 2000), Cuyahoga App. No. 75518; Raphael v. Raphael (Nov. 19, 1999), Hamilton App. No. C-980696.
 {¶ 20} Defendant's first assignment of error is overruled.
 {¶ 21} "II. The judgment of the trial court overruling the objections of the defendant-appellant was against the manifest weight of the evidence and an abuse of discretion and denied the appellant due process."
 {¶ 22} In his second assignment of error, defendant argues that the magistrate's decision was against the manifest weight of the evidence.
 {¶ 23} In domestic relations matters, a trial court is vested with broad discretion to do what is equitable under the facts and circumstances of each case. Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. We will not disturb the trial court's decision regarding a motion for a child custody modification on appeal unless the trial court abused that discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
 {¶ 24} An abuse of discretion connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. We must give deference to the trial court as the trier of fact because it is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. So long as the decision of the trial court is supported by some competent, credible evidence going to all of the essential elements of the case, we will not disturb it. Masitto v. Masitto (1986), 22 Ohio St.3d 63, 66.
 {¶ 25} With these principles in mind, we proceed to address defendant's second assignment of error.
1. Motion for Reallocation of Parental Rights and Responsibilities
 {¶ 26} Defendant argues that the trial court erred in denying his motion for reallocation of parental rights and responsibilities. We disagree.
 {¶ 27} R.C. 3109.04(E)(1)(a) provides that the court shall not modify a prior decree allocating parental rights and responsibilities for the care of a child unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that modification is necessary to serve the best interest of the child. Kubin v. Kubin (2000), 140 Ohio App.3d 367;Waggoner v. Waggoner (1996), 111 Ohio App.3d 1.
 {¶ 28} The threshold inquiry is whether a change of circumstances occurred since the prior decree that would warrant a change of custody.Hinton v. Hinton, Washington App. No. 02CA54, 2003-Ohio-2785. If no change in circumstances occurred, the requirements for a change of custody cannot be satisfied, and no further analysis is required. Id.
 {¶ 29} Here, defendant failed to show that there was any change in circumstances warranting a modification of the original parenting plan. Defendant's allegation that the child was late for school was not demonstrated at trial, and furthermore, is not a factor which would represent a change in circumstance necessary to modify a parenting plan. Although a custodial parent's interference with visitation by a noncustodial parent may be considered as part of a "change of circumstances" which would allow for modification of custody, and defendant had not visited with the child since August 2000, there was no evidence presented at trial that the plaintiff willfully interfered with the defendant's visitation rights. Indeed, the testimony at trial demonstrated that the child refused to visit with the defendant because she was afraid of him. Although defendant presented testimony from neighbors and friends to show that he got along with the child, he refused to acknowledge that his daughter needed counseling or to participate in the counseling with her even though such participation was recommended by both the child's counselor and the plaintiff.
 {¶ 30} Since the record contains ample, competent, credible evidence to support the trial court's conclusion that no change in circumstances warranting a change of custody occurred, the court did not err in denying the defendant's motion for reallocation of parental rights and responsibilities. Accordingly, this issue is overruled.
1. Motion to Show Cause
 {¶ 1} Defendant argues that the trial court erred in denying his motion to show cause which alleged that plaintiff denied his visitation rights with the child. We disagree.
 {¶ 2} As previously stated, the record contains no evidence that the plaintiff interfered with defendant's visitation rights. The evidence at trial demonstrated that the child was afraid of her father and did not want to see him. There was also evidence that both the child's counselor and the court-appointed social worker recommended that defendant participate in the child's counseling but the defendant refused. Indeed, the court-appointed social worker testified that visitation should not occur until defendant attends counseling sessions with the child and obtains counseling for himself.
 {¶ 3} Because the record contains ample, competent, credible evidence to support the trial court's conclusion that the plaintiff did not deny defendant his visitation rights, the court did not err in denying the defendant's motion to show cause. Accordingly, this issue is overruled.
1. Motion to Modify Support
 {¶ 1} Defendant argues that the trial court erred in denying his motion to modify child support because his income changed when he retired and the child was receiving social security benefits. We disagree.
 {¶ 2} When a motion for modification of a child support order is filed, the trial court must first consider whether there is a substantial change in circumstances, and then whether the modified amount would be unjust or inappropriate or not in the best interest of the child. DePalmov. DePalmo (1997), 78 Ohio St.3d 535, 540.
 {¶ 3} The burden is upon the parent requesting the modification to show that a change has occurred to necessitate a modification of child support. Id. R.C. 3119.05(A) provides that the court shall not modify a child support order unless the parties verify their current and past incomes by electronic means or with suitable documentation.
 {¶ 4} Here, the record demonstrates that defendant testified as to his retirement and pension. He did not, however, provide the court with any documentation such as receipts, paystubs, or employer statements to verify his income as required by R.C. 3119.05(A). In addition, there was no evidence presented as to the amount of the social security benefit that the minor child would receive upon defendant's retirement. Since the record contains no documentary evidence that defendant's income had changed upon his retirement, the trial court did not err in denying the defendant's motion to modify support. Accordingly, this issue is overruled.
4. Plaintiff's Motion to Show Cause
 {¶ 5} Defendant argues that the trial court erred in granting the plaintiff's motion to show cause and finding him in contempt of court for failing to pay his court-ordered child support payments and medical expenses. We disagree.
 {¶ 6} R.C. 2705.02(A) provides that a person may be found in contempt of court for failing to abide by a court order or judgment.
 {¶ 7} Here, the original decree imposed child support obligations on the defendant. As of January 23, 2002, defendant owed $34,196.71 in child support. The original decree also ordered defendant to pay 87% of the child's medical expenses. As of January 23, 2002, defendant owed $2,464.58 in medical expenses for the child. Defendant offered no defense at trial for his failure to pay the child support or medical bills as ordered by the court. Accordingly, the court did not err in granting the plaintiff's motion to show cause and finding the defendant in contempt of court. Thus, this issue is overruled.
5. Plaintiff's Motion for Attorney Fees
 {¶ 8} Defendant argues that the trial court erred in granting the plaintiff's motion for attorney fees. We disagree.
 {¶ 9} R.C. 3109.05(C) requires the trial court to impose reasonable attorney fees on a party who is found in contempt of court for failure to make child support payments.
 {¶ 10} Here, defendant was found in contempt of court for failing to pay his child support and medical bill obligation as set forth in the original decree. Because the trial court was required to award attorney fees pursuant to R.C. 3109.05(C), the court did not err in granting the plaintiff's motion for attorney fees. Furthermore, since plaintiff's attorney complied with Loc.R. 21 of the Domestic Relations Division, the court did not err in awarding plaintiff a reasonable amount of her requested attorney fees. Thus, this issue is overruled.
Judgment affirmed.
Michael J. Corrigan, P.J., and Colleen Conway Cooney, J., Concur.
[1] The child support award of $900 represented a downward deviation from the child support guidelines because defendant was ordered to pay for the child's parochial school tuition.
[2] Spousal support in the amount of $2,000 was ordered for 30 months or until remarriage of the plaintiff.
[3] This amount was reduced to judgment.
[4] Defendant was in arrears for $13,283.35 from the date of divorce to January 23, 2002, the date of hearing. This amount was added to the arrearage still not paid from the original decree.