[Cite as *Durisala v. Durisala*, 2014-Ohio-5229.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RAO DURISALA, | : | APPEAL NO. C-130830 |
| | | TRIAL NO. DR0901795 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| KALA RANI DURISALA, | : | |
| | | |
| Defendant-Appellant. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: November 26, 2014

*Katzman, Logan, Halper, & Bennett* and *Kenneth Flacks,* for Plaintiff-Appellee,

*King, Koligian & Associates*, and *Stephen R. King,* for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Kala Rani Durisala ("Rani"), appeals the trial court's judgment granting her and plaintiff-appellee Rao Durisala a divorce. On appeal, she argues that the trial court erred in imputing only minimum-wage income to Rao for purposes of calculating his child-support obligation. She also argues that the trial court erred when it failed to require Rao to pay attorney fees and costs in conjunction with its finding of contempt under R.C. 3109.05(C) for his failure to pay child support. She further argues that the trial court erred by failing to award her reasonable attorney fees under R.C. 3105.73(B). Finally, she argues that the trial court erred when it ordered accountings and limitations regarding custodial accounts she had established for their minor child's education.

{¶2} After reviewing the record and the law, we conclude the trial court failed to comply with the mandatory provision under R.C. 3109.05(C), requiring the court to award Rani her reasonable attorney fees and costs following its finding of contempt. We also conclude that the trial court lacked jurisdiction to enter orders requiring Rani to provide Rao with annual statements of their minor daughter's custodial accounts and to hold the funds in her daughter's custodial accounts until her daughter's graduation from high school. As a result, we remand the matter to the trial court for a determination of Rani's reasonable attorney fees and costs in relation to the contempt motion, and for the trial court to remove the orders relating to their minor daughter's custodial accounts. We affirm the trial court's judgment in all other respects.

### Trial Court Proceedings

{¶3} Rao and Rani were married in India on October 2001, roughly ten days after meeting one another. Following the wedding, Rao's father sponsored

Rani's residence in the United States and declared financial responsibility for her. In 2002, Rao and Rani had a daughter.

{¶4} In August 2009, Rao filed a complaint for divorce against Rani. Rani filed an answer. Over the next four years, the parties filed various motions. Following multiple lengthy and prolonged hearings, the magistrate filed a decision with findings of fact and conclusions of law. Rani filed timely objections to the magistrate's decision. On September 27, 2013, the trial court entered its decision on the objections. The trial court journalized the decree of divorce on November 19, 2013. Rani has appealed, raising four assignments of error.

### Rao's Income for Child Support

{¶5} In her first assignment of error, Rani argues that the trial court erred in calculating Rao's income at minimum wage for purposes of child support. She argues that the trial court should have imputed more income to Rao, because the record demonstrates that he has the ability to earn more money.

{¶6} For purposes of calculating child-support obligations, the trial court must determine the annual income for each parent. R.C. 3119.01(C)(5)(b) provides that "income" for a parent who is unemployed or underemployed consists of the sum of the gross income of the parent and any "potential income" of the parent. If the trial court finds that a parent is unemployed or underemployed, it must consider the nonexclusive list of factors set forth in R.C. 3119.01(C)(11) in determining the amount of potential income to impute to the parent.

{¶7} The determinations of whether a parent is voluntarily unemployed and the amount of "potential income" to be imputed to him as a child-support obligor, if any, are factual questions to be determined by the trial court based on the circumstances of each particular case. *See Cwik v. Cwik*, 1st Dist. Hamilton No. C-

3

090843, 2011-Ohio-463, ¶ 94; *Rock v. Cabral*, 67 Ohio St.3d 108, 112, 616 N.E.2d 218 (1993). The trial court's determination as to these issues will not be disturbed on appeal absent an abuse of discretion. *Id.*

{¶8} The record supports the trial court's decision to impute full-time minimum-wage income to Rao. He has a high school education, and has been a full-time student at the University of Cincinnati since August 2009. He testified that he receives student aid and loans from his parents to pay for his education and living expenses. There was no evidence as to the amount of the loans Rao has received from his parents, or that he would continue to receive loans on a regular basis.

{¶9} The trial court noted that during the marriage, Rao's income varied. From 2001-2004, he earned no income. In 2004, he earned $15,000 in income. In 2005, he earned no income. In 2006, he earned $10,000 in income. In 2007, he earned $48,000. In 2008, he earned $22,100. In 2009, Rao earned $17,157. In 2010, he earned $24,754 in unemployment benefits. In 2011 and 2012, he earned virtually no income. He testified that he hoped to receive a bachelor's degree in 2013.

{¶10} While Rao earned $48,000 in 2007, the record supports the trial court's decision to impute full-time minimum-wage annual income of $16,300 to Rao given his current status as a student, his educational background, and his historical earning ability during the parties' marriage. Thus, we cannot say the trial court abused its discretion by imputing full-time minimum-wage income to Rao. We, therefore, overrule Rani's first assignment of error.

### Failure to Award Attorney Fees under R.C. 3109.05(C)

{¶11} In her second assignment of error, Rani argues that the trial court erred in failing to award her attorney fees and costs as mandated by R.C. 3109.05(C) once it had found Rao in contempt for failing to pay child support.

{¶12} R.C. 3109.05(C) provides:

If any person required to pay child support under an order made under division (A) of this section on or after April 15, 1985, or modified on or after December 1, 1986, is found in contempt of court for failure to make support payments under the order, the court that makes the finding, in addition to any other penalty imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt, and on or after July 1, 1992, shall assess interest on any unpaid amount of child support pursuant to section 3123.17 of the Revised Code.

{¶13} Although the trial court found Rao in contempt, it adopted the magistrate's decision which had denied Rani's request for attorney fees and costs. Because the trial court sustained Rani's objection and determined that the magistrate should have found Rao in contempt, the trial court was required by R.C. 3109.05(C) to assess all court costs arising out of the contempt proceeding against Rao and to require him to "pay any reasonable attorney's fees as determined by the court." Thus, upon finding Rao in contempt, the trial court should have determined what Rani's reasonable attorney fees were and awarded those fees to Rani accordingly. *See Sinnott v. Sinnott*, 10th Dist. Franklin No. 02AP-1277, 2003-Ohio-4571, ¶ 6-8; *Olesky v. Olesky*, 8th Dist.

Cuyahoga No. 82646, 2003-Ohio-5657, ¶ 41-43; *Roush v. Brown*, 12th Dist. Butler No. CA2008-11-275, 2009-Ohio-2446, ¶ 22-24 and 31. We, therefore, sustain Rani's second assignment of error.

### *Attorney Fees*

{¶14} In her third assignment of error, Rani argues the trial court erred in denying her request for attorney fees and litigation expenses during the divorce proceedings.

{¶15} R.C. 3105.73(A) provides

[i]n an action for divorce * * * a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

A trial court's decision regarding an award of attorney fees in a divorce proceeding is a matter within its sound discretion. *Lemarr v. Lemarr*, 1st Dist. Hamilton No. C-100706, 2011-Ohio-3682, ¶ 13.

{¶16} Rani argues that the trial court erred in denying her motion for attorney fees without considering the entire spectrum of the parties' actions during the divorce proceedings. She argues that the magistrate and the trial court focused primarily upon her financial decision-making near the end of the marriage and following their separation, and did not similarly account for Rao's conduct during the divorce proceedings. She argues that Rao unnecessarily prolonged the litigation and caused her to incur unnecessary legal fees by repeatedly changing counsel during the

proceedings, filing inconsistent motions regarding the need for psychological evaluations, repeatedly moving to modify his parenting time, and repeatedly filing motions to hold her in contempt for failing to comply with the court's parenting order. Thus, she asserts, the trial court should have awarded her attorney fees based upon the undue delay he had caused in the divorce proceedings.

{¶17} The record reflects that the divorce was a highly litigious matter and both parties engaged in extensive disputes over the life of the case. The trial court found that the magistrate's determination that Rani was not entitled to attorney fees was appropriate given that both parties had contributed to the delay in the proceedings. Moreover, the trial court's decision to award Rao $5,000 in attorney fees was based solely upon its conclusion that Rani had engaged in financial misconduct during the marriage. Having reviewed the record, we cannot conclude that the trial court abused its discretion in denying Rani's motion for attorney fees. We, therefore, overrule her third assignment of error.

### *Custodial Accounts*

{¶18} In her fourth assignment of error, Rani argues that "the trial court erred in ordering accountings and limitations regarding custodial accounts of the parties' minor child."

{¶19} The trial court ordered Rani to provide annual statements to Rao on December 31st of each year regarding the balances of several bank accounts in their daughter's name. It also ordered Rani, as the custodian of the accounts, to preserve the funds in those accounts as of February 13, 2014, so that their minor daughter can access the funds for her educational expenses when she graduates from high school. The record reflects that these banks accounts were funded with marital money and were designated as Ohio's Uniform Transfers to Minors Act accounts.

7

**{¶20}** Rani argues that the trial court lacked jurisdiction to enter the orders relating to the accounts because they were her daughter's separate property. We agree.

**{¶21}** A custodial account that is held for the benefit of a child is solely the property of the minor child and is neither marital property nor separate property of the child's parents. *See* R.C. 5814.03; *Brown v. Brown*, 12th Dist. Madison No. CA2008-08-021, 2009-Ohio-2204, ¶ 50. Furthermore, the Ohio Uniform Transfers to Minors Act provides that any changes to or regulation of custodial accounts must be made by a probate court, rather than a domestic relations court. *See Brown* at ¶ 50, citing *Ramus v. Ramus*, 8th Dist. Cuyahoga No. 34965, 1976 Ohio App. LEXIS 7431 (Aug. 19, 1976).

**{¶22}** Thus, once the trial court determined that the bank accounts were neither separate nor marital property, but were custodial accounts that belonged to their minor daughter, it lacked the jurisdiction to enter any further orders regarding the accounts. *See id.* As a result, we conclude that the trial court erred in ordering Rani to provide Rao with annual statements of their minor daughter's custodial accounts and to preserve the accounts so that her daughter could access those funds for her educational expenses upon her graduation from high school. Therefore, we sustain Rani's fourth assignment of error.

### Conclusion

**{¶23}** Having found merit in Rani's second and fourth assignments of error, we reverse that part of the trial court's judgment that failed to award attorney fees and costs upon its finding that Rao was in contempt for failing to pay child support. We also reverse that part of the trial court's judgment ordering Rani to provide Rao with annual statements of their minor daughter's custodial accounts and

8

ordering her to preserve the funds in the custodial accounts for their daughter's college education. We remand this cause to the trial court for the court to determine and award Rani's reasonable attorney fees and costs in relation to the contempt motion and to remove the requirements that Rani must provide Rao with annual statements for the accounts and preserve the funds in their daughter's custodial accounts for her college education. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**CUNNINGHAM, P.J,** and **DEWINE, J.,** concur.

Please note:
The court has recorded its own entry this date.