[Cite as *State v. Feemorlu*, 2015-Ohio-4528.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 8-15-01

    v.

VARNEY P. FEEMORLU,           O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Logan County Common Pleas Court
Trial Court No. CR14060133

Judgment Reversed and Cause Remanded

Date of Decision: November 2, 2015

---

APPEARANCES:

    *Terrence K. Scott* for Appellant

    *Eric C. Stewart* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant, Varney P. Feemorlu, brings this appeal from the judgment of the Common Pleas Court of Logan County, Ohio, which entered his conviction after a jury found him guilty of two counts of trafficking in drugs in violation of R.C. 2925.03(A)(1), a felony of the fifth degree. Feemorlu alleges that the trial court erred when it denied the trial counsel's motion to withdraw. For the reasons that follow, we reverse the trial court's judgment.

*Factual and Procedural Background*

{¶2} Feemorlu was indicted on June 10, 2014, on two counts of trafficking in drugs, a felony of the fifth degree in violation of R.C. 2925.03(A)(1). (R. at 2.) Attorney Dawn Ward ("Attorney Ward") was appointed as Feemorlu's counsel on June 25, 2014. (R. at 5.) A jury trial was scheduled to take place on November 13 and 14, 2014. (R. at 17.) On November 12, one day before the scheduled trial date, Attorney Ward moved to withdraw as counsel for Feemorlu "due to a just arisen conflict of interest." (R. at 44.) The motion stated that Feemorlu was "aware of the conflict and [was] in agreement with the withdrawal by counsel." (*Id.*) The trial court conducted a hearing on the motion on the same day.

{¶3} It was submitted at the hearing that the confidential informant ("CI")[1] in this case had "misdemeanor charges pending in municipal court." (Tr. of Proceedings at 8, Nov. 12, 2014 ("Tr").) Attorney Ward had been appointed to

---

[1] The name of the confidential informant was not disclosed at the hearing.

represent the CI on his misdemeanor charges and had spoken to him "regarding himself and his misdemeanor matter." (Tr. at 8-9.) On Friday before the hearing, the State spoke with the CI and learned that the CI was represented by Attorney Ward on his misdemeanor charges. (Tr. at 8.) The State then informed Attorney Ward that her client from the municipal court was the CI in Feemorlu's case. (*See* Tr. at 8.)

{¶4} Attorney Ward explained that through discovery and discussion with the CI about his misdemeanor charges, she had learned information that would prevent her from properly questioning the CI at the instant trial. (Tr. at 6-7.) Attorney Ward indicated that she had filed a motion to withdraw from representing the CI on his misdemeanor charges. (Tr. at 6-7.) The State confirmed that there was "a possible conflict" as a result of Attorney Ward's representing the CI on the misdemeanor charges and that it did not have objections to Attorney Ward's withdrawal. (Tr. at 8.)

{¶5} Furthermore, Attorney Ward indicated that she became involved in another felony case in which the same CI was a witness. (Tr. at 6.) She believed that as a result, she had "too much information" about the CI to be able to question him properly. (Tr. at 7, 9.) She added that she "would not feel comfortable questioning the CI." (Tr. at 9.) Pointing to the fact that the CI was "an integral witness in both matters," Attorney Ward indicated that she would excuse herself from the other felony case as well. (*Id.*)

**{¶6}** The trial court questioned Attorney Ward, attempting to determine how the other cases affected Attorney Ward's representation of Feemorlu in the instant case. Attorney Ward responded, "I would not feel comfortable questioning [the CI] in this capacity knowing that he is the CI in the other case, and I don't believe that he would feel comfortable as well—as well as in speaking with my client he's not comfortable with that." (Tr. at 9.) The trial court referred to a discussion that had apparently occurred several days before, at a status conference, where it had been agreed that Attorney Ward would be able to proceed in the instant case if she withdrew from representing the CI on his misdemeanor charges. (Tr. at 8, 10.) The trial court expressed its concern about a request for withdrawal being filed so close to the trial date and referred to "local rules that say when you withdraw you have to do it 20 days ahead of time." (Tr. at 10-11.) Relying on ethics opinions 2013-4 and 2008-4, the trial court denied Attorney Ward's motion to withdraw. (Tr. at 10.)

**{¶7}** The case proceeded to trial with Attorney Ward as Feemorlu's counsel, and Feemorlu was found guilty of both charges. He was sentenced on December 15, 2014, and filed this timely appeal in which he alleges one assignment of error as quoted below.

> **The trial court denied Varney P. Feemorlu's right to counsel free from conflict when the trial court denied trial counsel's motion to withdraw, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.**

*Preliminary Matters*

**{¶8}** Prior to addressing the assignment of error we note that on June 8, 2015, the State filed a motion for leave to supplement the record, and it added certain documents to its brief. An appellate court may consider only those papers and exhibits that were properly filed and included in the record before the trial court. *See* App.R. 9(A); *State v. Ishmail*, 54 Ohio St.2d 402, 405-406, 377 N.E.2d 500 (1978) ("Since a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings."). A record may be supplemented only to add matters that were actually before the trial court and therefore, constituted part of the original proceedings, but were inadvertently not transmitted. *See id.*; App.R. 9(E).

**{¶9}** In the instant case, the State attached pleadings from Bellefontaine Municipal Court. These pleadings were not filed with the Logan County Common Pleas Court prior to the hearing at issue in this case, and they were not made part of the record. The State fails to show that these pleadings were before the trial court in this action but were inadvertently omitted. Accordingly, the motion for leave to supplement the record is not well taken. The documents attached to the State's brief are not properly before us and we do not consider them in our analysis of the issues on appeal. Likewise, we do not consider any additional facts included in the parties' briefs that were not before the trial court, such as dates

when certain procedural events occurred or dates when pleadings were filed in the Bellefontaine Municipal Court.

**{¶10}** We also note that Feemorlu's contentions on appeal stem from the trial court's denial of Attorney Ward's request to withdraw, rather than from Feemorlu's request for new counsel. We recognize, however, that Attorney Ward represented that Feemorlu was "aware of the conflict and [was in] agreement with the withdrawal by counsel." (R. at 44.) She further stated at the hearing that her client was not comfortable with this alleged conflict. (Tr. at 9.) Based on these observations, we treat Attorney Ward's request to withdraw as equivalent to Feemorlu's request for substitution of counsel for the purpose of this opinion.

### *Legal Standard*

**{¶11}** The analysis of this case starts with the criminal defendant's right to counsel guaranteed by the United States Constitution and the Ohio Constitution. *See State v. Combs*, 3d Dist. Hancock No. 5-96-15, 1996 WL 518112, *1 (Sept. 12, 1996). We have previously recognized that although a criminal defendant has an absolute right to counsel, there is no "absolute right" to counsel of one's own choosing. *Id.*, citing *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir.1990), *and State v. Marinchek*, 9 Ohio App.3d 22, 23, 457 N.E.2d 1198 (9th Dist.1983). Therefore, an indigent defendant does not have the right to choose his counsel. *Combs* at *1; *Iles* at 1130; *Thurston v. Maxwell*, 3 Ohio St.2d 92, 93, 209 N.E.2d 204 (1965). In situations where an issue of substitution of appointed counsel

arises, an indigent defendant must demonstrate "good cause" to warrant substitution. *Combs* at *1; *Iles* at 1130.

**{¶12}** A conflict of interest is one of the recognized causes for substitution of counsel because "where there is a right to counsel, there is a correlative right to representation free from conflicts of interest." *State v. Gillard*, 64 Ohio St.3d 304, 1992-Ohio-48, 595 N.E.2d 878 (1992), syllabus. But an assertion of a conflict of interest does not automatically require substitution of counsel. Rather, "[w]here a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists." *Id.*

> An inquiry into whether the substitution of counsel is warranted serves several important goals. This procedural protection not only aids in determining whether "good cause" has been shown, but serves to ease the defendant's distrust, to preserve the integrity of the trial process, and to foster confidence in the jury verdict.

*Iles* at 1131. The Sixth Circuit Court of Appeals further recognized that the inquiry "must of course be conducted delicately because of the danger of intruding into privileged communications." *Id.*, citing *United States v. Welty*, 674 F.2d 185, 190 (3d Cir.1982). If the inquiry reveals an *actual* conflict of interest, the trial court must replace the attorney. *Combs* at *1. But if the trial court ascertains that "the risk of conflict [is] too remote," there is no duty to appoint separate counsel. *Gillard* at 309.

{¶13} The Ohio Supreme Court has held that "[t]he trial judge has 'wide latitude' in determining that an actual or potential conflict exists." *State v. Keenan*, 81 Ohio St.3d 133, 137, 1998-Ohio-459, 689 N.E.2d 929 (1998), quoting *United States v. Mays*, 69 F.3d 116, 121 (6th Cir.1995). Furthermore, the decision on an attorney's motion to withdraw or the defendant's request for substitution of counsel rests within the sound discretion of the trial court. *Combs*, 3d Dist. Hancock No. 5-96-15, 1996 WL 518112, at *1; *N. Eagle, Inc. v. Kosas*, 8th Dist. Cuyahoga No. 92358, 2009-Ohio-4042, ¶ 32; *see also Keenan* at 137 (applying the same standard to the trial court's disqualification of counsel); *State v. Britton*, 3d Dist. Marion No. 9-99-81, 2000-Ohio-1881, 2000 WL 765805, *4. Because abuse of discretion connotes more than an error in judgment, we will not substitute our judgment for that of the trial court. *Keenan* at 137, citing *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Therefore, we will only reverse the trial court's decision if "the trial court's attitude [was] unreasonable, arbitrary, or unconscionable." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support the decision." *Britton* at *4.

### *Application to the Instant Case*

{¶14} In this case, the question of a potential conflict of interest was raised by defense counsel, so the trial court had a duty to inquire into whether a conflict of interest *actually* existed. *See Gillard*, 64 Ohio St.3d 304, 1992-Ohio-48, 595 N.E.2d 878, syllabus. The trial court conducted the required hearing and denied

Attorney Ward's request for substitution of counsel the day before the assigned trial date. Feemorlu alleges that "[t]he trial court did not engage in sufficient discussion with trial counsel regarding the existence of an actual conflict." (App't Br. at 19.)

{¶15} We have reviewed the scope of the trial court's inquiry in *State v. Johnson*, 185 Ohio App.3d 654, 2010-Ohio-315, 925 N.E.2d 199 (3d Dist.). There, the trial court was notified about the potential conflict of interest because the confidential informant in the case was Johnson's attorney's former client. *Id.* at ¶ 2. The trial court "engaged in a dialogue with Johnson concerning the conflict," and Johnson waived the conflict. *Id.* We reviewed the record and noted that

> the trial court extensively discussed the effect of a waiver on the *potential* conflict of interest, but did not inquire as to whether an actual conflict of interest was present. * * * Without more information concerning the circumstances of the conflict, this court cannot ascertain whether the waiver was sufficient. * * *
>
> For example, if the representation of the informant was several years earlier and on a matter entirely unrelated to the present case, there might well be no actual conflict of interest and hence no need for any admonishment. On the other hand, if the representation of the informant was related to matters that led to the current charges against the defendant, there might be a conflict significant enough to override even the most thorough of admonishments. Thus, the trial court, in this case, needed to inquire into the prior representation of the confidential informant to determine the required scope of the waiver, or whether new counsel was required.

(Emphasis sic.) *Id.* at ¶ 6-7. We therefore reversed the case and remanded it for a hearing to determine whether an actual conflict of interest existed. *Id.* at ¶ 8.

**{¶16}** In the instant case, a review of the record indicates that the trial court allowed both Attorney Ward and the State to make their arguments and present the relevant facts. Upon hearing the facts, as they are recited above, the trial court attempted to determine how the existence of the other cases involving Attorney Ward and the CI was "relevant" or what it "had to do with this case." (Tr. at 8-10.) The trial court did not ask whether Attorney Ward would be able to competently represent Feemorlu or whether she had learned any facts relevant to Feemorlu's case from either of the other two cases. The trial court did not inquire whether the misdemeanor charges pending in the municipal court against the CI were in any way related to the instant prosecution or whether the interests of Feemorlu and the CI were in any way conflicting. Upon Attorney Ward's statement that she had information about the CI that would cause her to feel "uncomfortable," the trial court only probed into what was the "relevance" of Attorney Ward's feeling uncomfortable to Feemorlu's case.

**{¶17}** The hearing transcript shows that the trial court attempted to conduct the delicate inquiry. But the trial court's inquiry, as it is before us in the record, did not satisfy the important goals: it did not serve to ascertain "whether 'good cause' has been shown" or "to ease the defendant's distrust, to preserve the integrity of the trial process, and to foster confidence in the jury verdict." *Iles*, 906

- 10 -

F.2d 1122, at 1131. Therefore, on the record before us, the trial court did not properly fulfil its "affirmative duty to inquire." *Gillard*, 64 Ohio St.3d 304, 1992-Ohio-48, 595 N.E.2d 878, at syllabus.

{¶18} We acknowledge the trial court's reference to a prior discussion about the conflict, at "a status conference with the attorneys Monday." (Tr. at 8.) We thus realize the possibility that the appropriate inquiry might have occurred outside of the record in this case and the trial court based its decision on the facts learned at the status conference. Nevertheless, the record before us does not support such an inference. The trial court did not make a determination on the record as to whether an actual conflict existed in this case or whether the potential of conflict was too remote to warrant substitution of counsel. *See Gillard* at 309. It merely stated that it was "unconvinced" and concluded that "the Court's earlier agreement with counsel, that she would withdraw in the municipal court" was dispositive of the issue. (Tr. at 10.)

{¶19} While we are bound to rely on the trial court's discretion in the matters of conflict of interest, the record lacks support for the trial court's decision and it lacks proof that the affirmative duty to properly inquire was fulfilled. Therefore the judgment must be reversed. Pursuant to *Gillard* and *Johnson*, on remand the trial court must "hold a hearing to determine whether an actual conflict of interest existed. If a conflict of interest is found, the trial court must then conduct a new trial free from conflicts of interest. However, if no actual conflict

- 11 -

of interest is found, then no new trial is necessary." *Johnson*, 185 Ohio App.3d 654, 2010-Ohio-315, 925 N.E.2d 199, at ¶ 8, citing *Gillard* at 312.

**{¶20}** For the reasons set forth above, we sustain the assignment of error and remand the matter for further proceedings consistent with this opinion.

### *Conclusion*

**{¶21}** Having reviewed the arguments, the briefs, and the record in this case, we find error prejudicial to Appellant in the particulars assigned and argued. The judgment of the Common Pleas Court of Logan County, Ohio, is therefore reversed.

*Judgment Reversed and*
*Cause Remanded*

**SHAW and PRESTON, J.J., concur.**

**/jlr**