[Cite as *Dietrich v. Dietrich*, 2023-Ohio-4822.]

THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

KIMBERLY DIETRICH,                    :

    Plaintiff-Appellant,          :          Case No.  22CA15

    v.                            :

                      :          <u>DECISION AND JUDGMENT</u>
PHILIP A. DIETRICH,                   :          <u>ENTRY</u>

    Defendant-Appellee.           :
_____

APPEARANCES:

James R. Kingsley, Circleville, Ohio, for Appellant.

Ashley L. Johns, Columbus, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} Philip A. Dietrich, Respondent and Appellant herein, appeals the June 15, 2022 judgment of the Pickaway County Court of Common Pleas. Appellant raises seven assignments of error challenging the Magistrate's Decision and issuance of a Domestic Violence Civil Protection Order against him, along with the subsequent decision of the trial court upon review of Appellant's objections to the Magistrate's Decision. Based upon our review of the record in this matter, we find no merit to the arguments raised under Appellant's assignments of error. Accordingly, we affirm the judgment of the trial court.

FACTS

{¶2} On April 16, 2021 Kimberly Dietrich, Petitioner and Appellee herein, filed a Petition for Domestic Violence Civil Protection Order (DVCPO) seeking relief on behalf of her teenage daughter, A.D., and herself.  Appellant is Appellee's former spouse and A.D.'s father.  In the petition, Appellee alleged acts of domestic violence as follows:

> He has grabbed my daughter through her clothes.  He has chocked [sic.] her and has smacked her.  He has watched her undress.  Told her how sexy she was in her volleyball uniform. Made her leave bathroom door open when taking a shower.  Forced himself on her and had sex with his own daughter 4-28-19 and again in May 2019.  When she was little he puled [sic] a gun on me when I was holding [her]. He said he was disappointed we had a girl not a boy.  He has hit me in front of [her].

The Magistrate granted the ex parte petition, issued a temporary order of protection, and set the matter for a full hearing to be held April 30, 2021.

{¶3} On April 20, 2021, Attorney Ashley L. Johns entered an appearance on behalf of Appellee and requested the full hearing date be continued.  On April 29, 2021, Attorney James R. Kingsley entered an appearance on behalf of Appellant.  On the same date, Attorney Kingsley also filed Respondent's Motion to Permit Depositions.  In the Memorandum in Support of the Motion, Attorney Kingsley argued that due to the "sparse facts" in the petition, discovery was needed in order to determine dates,

times, and locations relating to Appellant's allegations in order to defend at the full hearing. Appellant also requested a continuance but acknowledged that the Magistrate had already granted Appellee's request and rescheduled the full hearing to June 22, 2021. The Magistrate granted Appellant's motion for discovery.

{¶4} On May 6, 2021, Appellee filed a Motion for a Protective Order/Memorandum in Opposition to Respondent's Motion to Permit Depositions. In Appellee's motion, counsel advised on behalf of her client that depositions had not been consented to via an abruptly-ended telephone call with Appellant's counsel. Appellee's counsel argued that there was no authority to support Appellant's claim that without depositions he could not properly defend himself. Appellee's counsel also noted that there is great risk in using civil discovery methods which can result in intimidation of sexual assault victims. Appellant's counsel also cited to the more stringent timeframes provided for by the DVCPO statute, R.C. 3113.31(D)(2)(a), and Civil Rule 65.1.

{¶5} On May 7, 2021, Appellant filed a Notice of Intent to Use Polygraph Evidence. On May 11, 2021, the Magistrate denied Respondent's Motion to Permit Depositions and vacated the earlier order that had granted discovery depositions.

{¶6} On June 8, 2021, 27 days after the vacation of the Magistrate's previous order granting depositions, Appellant filed a three-branch motion requesting: (1) leave to serve interrogatories; (2) permission to present the testimony of a polygraph examiner at the full hearing; and (3) a continuance of the full hearing if the answers to interrogatories were not timely received and if a deposition of the polygraph examiner could not be completed. On the same date, Appellee filed a Memorandum in Opposition to Respondent's Motions. On June 11, 2021, the Magistrate's Order denied Appellant's motions.

{¶7} The full hearing took place on June 22, 2021. Appellant, Appellee, and A.D. testified. At the conclusion of the hearing, the Magistrate found that "this case is decided upon the court's perception of credibility of the witnesses. The Petitioner and [A.D.] gave testimony that is believed by the court." The Magistrate granted the full order, effective until June 22, 2026. Petitioner and A.D. were both named as protected parties.

{¶8} On June 24, 2021, Appellant's counsel filed Respondent's Request for Findings of Fact and Conclusions of Law. An entry containing Findings of Fact and Conclusions of Law was filed October 6, 2021. On October 20, 2021, Appellant filed Objections of Respondent to Magistrate's Decision Filed October 6, 2021.

{¶9} On March 8, 2022, the trial court ordered the parties and attorneys to appear for a court conference on April 1, 2022.  Appellee requested a continuance.  The continuance was granted and the matter rescheduled for April 18, 2022.

{¶10} On April 14, 2022, the trial court issued its Decision on Appellant's Objections, most of which are revisited in this appeal. However, the trial court sustained Appellant's sixth objection, in which he argued that Appellee was not entitled to the DVCPO.  On May 5, 2022, Appellant filed a Notice of Appeal from the April 14, 2022 Decision. However, this appeal was dismissed on May 31, 2022, for lack of a final appealable order.

{¶11} On June 15, 2022, the trial court filed a Judgment Entry which directed that Appellee was to be removed from the DVCPO as a protected party.  A modified DVCPO was also filed on June 15, 2022.  The June 15, 2022 entry also specified that the Judgment Entry and attached DVCPO was now final and appealable.

{¶12} On June 28, 2022, Appellant filed a Notice of Appeal from the June 15, 2022 Judgment Entry.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT COMMITTED PREJUDICIAL
        ERROR WHEN IT HELD RESPONDENT WAS NOT
        ENTITLED TO CONTINUE THE FINAL HEARING.

II.     THE TRIAL COURT COMMITTED PREJUDICIAL
        ERROR WHEN IT DENIED RESPONDENT THE
        RIGHT TO ANY DISCOVERY.

III.    THE TRIAL COURT COMMITTED PREJUDICIAL
        ERROR WHEN IT DECLARED [A.D.] NOT TO BE A
        PARTY SUBJECT TO DISCOVERY.

IV.     THE TRIAL COURT COMMITTED PREJUDICIAL
        ERROR WHEN IT DENIED RESPONDENT THE
        RIGHT TO PRESENT A POLYGRAPH DEFENSE.

V.      THE TRIAL COURT COMMITTED PREJUDICIAL
        ERROR WHEN IT DID NOT RESTRICT THE
        EVIDENCE TO THE ALLEGATIONS OF THE
        PETITION.

VI.     THE TRIAL COURT COMMITTED PREJUDICIAL
        ERROR WHEN IT REFUSED TO REHEAR THE CASE
        TO WEIGH THE CREDIBILITY OF THE VICTIM.

VII.    THE DECISION OF THE TRIAL JUDGE TO GRANT
        THE CPO WAS AGAINST THE MANIFEST WEIGHT
        OF THE EVIDENCE.

{¶13} Before addressing Appellant's assignments of error challenging

the issuance of the DVCPO against him, we pause to discuss the interplay

between R.C. 3113.31 and the civil rules. "It is well-established that all

proceedings under R.C. 3113.31, R.C. 2151.34, and R.C. 2903.214 must

follow the Rules of Civil Procedure." *See, e.g., State v. Smith,* 136 Ohio

St.3d 1, 2013-Ohio-1697, at ¶ 21. *See also* 2016 Staff Notes to Civ.R. 65.1. A domestic relations court may issue a DVCPO pursuant to R.C. 3113.31, which is governed by the procedural framework of Civ.R. 65.1., *B.L.L. v. M.T.*, 7th Dist. Mahoning No. 21MA0021, 2021-Ohio-4300, ¶28. "Rule 65.1 is adopted to provide a set of provisions uniquely applicable to those statutory proceedings because application of the existing rules * * * interferes with the statutory process and is inconsistent with its purposes." *See* 2012 Staff Notes to Civ.R. 65.1. Civ.R. 65.1(A) provides that "[t]he provisions of the rule apply to special statutory proceedings under R.C. 3113.31 * * * and supersede and make inapplicable in such proceedings the provisions of any other rules of civil procedure to the extent that such application is inconsistent with the provisions of this rule." *See also* 2012 Staff Notes to Civ.R. 65.1.

{¶14} " '[W]hen granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence.' " *Id.,* quoting *Felton v. Felton,* 79 Ohio St.3d 34, 42, 649 N.E.2d 672 (1997). R.C. 3113.31(A)(1)(a) defines "domestic violence" as "the occurrence of one or more of the following acts against a family or

household member: * * * attempting to cause or recklessly causing bodily injury." However, " 'A magistrate's denial or granting of a protection order after a full hearing * * * does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules.' " Civ.R. 65.1(F)(3)(b). *See Daniels v. Daniels,* 4[th] Dist. Scioto No. 20CA3910, 2021-Ohio-2076, at ¶10, quoting *Casto v. Lehr,* 5th Dist. Tuscarawas No. 2020AP002, 2020-Ohio-3777, at ¶17.

{¶15}Under Civ.R. 53, a trial court may "adopt or reject a magistrate's decision in whole or in part," modified or unmodified, regardless of whether objections have been made by any party. Civ.R. 53(D)(4)(b). The trial court may also hear a previously-referred matter, take additional evidence, or return a matter to a magistrate, and is explicitly authorized to undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues. *B.L.L., supra*; Civ.R. 53(D)(4)(d). The "independent review" standard is specifically intended to provide "more stringent" review than the "defect evident on the face" standard for non-objected matters. *B.L.L., supra* at ¶36, quoting 2006 Staff Note, Civ.R. 53(D). The trial court's "role" under Civ.R. 53 is to "make its own factual determinations through an independent

analysis of the issues," even up to the taking of new testimony or a rehearing of the matter. *Crosby v. McWilliam,* 2d. Dist. Montgomery No. 19856, 2003-Ohio-6063, ¶ 34 (cited with approval in the 2006 Staff Note to Civ.R. 53(D)); *see* Civ.R. 53(D)(4)(b).

{¶16} In contrast, Civ.R. 65.1, which became effective in 2012, provides a more streamlined procedure designed to expedite the process for obtaining an order of protection after a full hearing. *B.L.L., supra*, at ¶37; *M.D. v. M.D.,* 2018-Ohio-4218, 121 N.E.3d 819, ¶ 48 (8th Dist.). It contains a set of provisions uniquely crafted for the particular statutory proceedings in R.C. 3313.31. *See Weber v. Forinash*, 6th Dist. Sandusky No. S-14-034, 2015-Ohio-3187, ¶ 30, citing 2012 Staff Note, Civ.R. 65.1; *see also M.D.* at ¶ 46-47. Significantly, the streamlined review process for magistrate decisions under Civ.R. 65.1(F) emerged out of a belief that Civ.R. 53's "independent review by the court of magistrate 'decisions' rendered after hearing, and * * * objections" was "incompatible" with the goal of expediting civil protection order proceedings. *B.L.L., supra*; 2012 Staff Note, Civ.R. 65.1(F).

{¶17} Civ.R. 65.1 simplifies proceedings for a protection order. *B.L.L., supra,* at ¶38. The trial court's pre-objection review of a magistrate's decision is limited to "a determination that there is no error of law or other

defect evident on the face of the order," after which the court may adopt, modify, or reject the order. Civ.R. 65.1(F)(3)(c)(ii) and (iii). "Unlike Civ.R. 53, Civ.R. 65.1 'does not provide for a request for findings of fact and conclusions of law        * * * .' " *B.L.L., supra*, at ¶39, quoting *Insa v. Insa,* 2016-Ohio-7425, 72 N.E.3d 1170, ¶ 27 (2d Dist.).[1]

{¶18} Additionally, throughout this appeal, Appellant seasons his brief with nonspecific arguments alleging denial of due process. The question of whether due process requirements have been satisfied presents a legal question we review de novo. *Short v. Short*, 11th Dist. Portage No. 2019-P-0050, 2019-Ohio-4315, at ¶ 31. (Citations omitted.) " 'Due process of law, as guaranteed both by Section 1 of the Fourteenth Amendment to the United States Constitution and by Article I, Section 6 of the Ohio Constitution, encompasses, at a minimum, notice and an opportunity to be heard.' " *Kessler v. Kessler*, 2d Dist. Montgomery No. 26239, 2015-Ohio-1666, at ¶ 31, quoting *State v. Crews,* 179 Ohio App.3d 521, 2008-Ohio-6230, 902 N.E.2d 566, ¶ 9 (2d Dist.), citing *State v. Edwards*, 157 Ohio St. 175, 178, 105 N.E.2d 259 (1952). Furthermore, " '[d]ue process is flexible

---

[1] Nor does Civ.R. 65.1 reference the taking of additional evidence or rehearing of the matter, which has led some of Ohio intermediate appellate courts to conclude that a trial court proceeding under Civ.R. 65.1 is "unable to take additional evidence * * * [and] 'subject to drawing conclusions only from review of the same transcript and record' " before the appellate court. *B.L.L., supra*; *M.D.* at ¶ 53, quoting *Insa* at ¶ 27.

and calls for such procedural protections as the particular situation demands.' " *State v. Shields*, 2023-Ohio-2331, - - N.E.3d - -, at ¶58, (4th Dist.), quoting *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593 (1972).

{¶19} Because Appellant's first and second assignments of error are interrelated, we consider them jointly.[2]

I.      THE TRIAL COURT COMMITTED PREJUDICIAL
        ERROR WHEN IT HELD RESPONDENT WAS NOT
        ENTITLED TO CONTINUE THE FINAL HEARING.

II.     THE TRIAL COURT COMMITTED PREJUDICIAL
        ERROR WHEN IT DENIED RESPONDENT THE
        RIGHT TO ANY DISCOVERY.

## A. STANDARD OF REVIEW

{¶21} Under the first assignment of error, Appellant contends that the trial court committed prejudicial error when it denied his request to continue the full hearing on the DVCPO. The decision regarding the grant or denial of a motion for continuance is committed to the broad, sound discretion of the trial court. *Fultz v. Fultz*, 4th Dist. Pickaway No. 13CA9, 2014-Ohio-3344, at ¶ 18; *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981), syllabus. Consequently, absent an abuse of discretion, a reviewing court

---

[2] *In re K.K.,* 4th Dist. Highland Nos. 21CA1 and 21CA2, 2021-Ohio-3338, at fn 2. *See also Levine v. Kellogg,* 10th Dist. Franklin No. 21AP-388, 2022-Ohio-3440, at ¶ 8 (10th Dist.), ([W]hile an appellate court may address assignments of error together, the parties do not have this choice and are required, pursuant to App.R. 16(A)(7), to argue each assignment of error separately).

will not disturb a trial court's decision. " 'The term "abuse of discretion"

connotes more than an error of law or judgment; it implies that the court's

attitude is unreasonable, unconscionable, or arbitrary.' " *Blakemore v.*

*Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983), quoting *State v.*

*Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Furthermore, when

applying the abuse of discretion standard, a reviewing court may not

substitute its judgment for that of the trial court. *Freshwater v. Mt. Vernon*

*City School Dist. Bd. of Edn.,* 137 Ohio St.3d 469, 2013-Ohio-5000, 1

N.E.3d 335, ¶ 77; *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621, 614

N.E.2d 748 (1993).

{¶22} Under the second assignment of error, Appellant argues

that the trial court denied him the right to discovery. The trial court also has

discretion to manage the discovery process. *State ex rel. Daggett v.*

*Gessaman,* 34 Ohio St.2d 55, 295 N.E.2d 659 (1973). A decision to grant or

deny a discovery motion rests within the sound discretion of the trial court.

*Alford v. Arbors at Gallipolis,* 2018-Ohio-4653, 123 N.E.3d 305, at ¶ 34 (4th

Dist.), (internal citation omitted.) *See also Mauzy v. Kelly Services, Inc.,* 75

Ohio St.3d 578, 664 N.E.2d 1272 (1996). "However, a trial court's

discretion 'is not without limits.' " *Arbors, supra,* at ¶ 35, quoting *Mauzy*, 75

Ohio St.3d 578, 592. As the *Mauzy* court explained:

> Although unusual, appellate courts will reverse a discovery order "when the trial court has erroneously denied or limited discovery." 8 Wright, Miller & Marcus, Federal Practice & Procedure (2d Ed.1994) 92, Section 2006. Thus, "[a]n appellate court will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial rights." *Rossman v. Rossman*, 47 Ohio App.2d 103, 110, 352 N.E.2d 149, 153-154 (8th Dist. 1975).

*See also Teays Valley Local School Dist. Board of Education v. Struckman,* 2023-Ohio-244, 206 N.E.3d 796, at ¶ 35 (4th Dist.).

### LEGAL ANALYSIS

{¶23} Under the first assignment of error, Appellant asserts that he was denied due process of law because the time constraints of R.C. 3113.31, as applied to his case, caused him to have to defend the allegations of the petition at a "blindsided" hearing. Appellant argues the petition contained only conclusory allegations and did not set forth times, dates, locations or witnesses. Because he was denied a continuance, Appellant contends that he did not have time to produce witnesses on his behalf, including his parents and the law enforcement officer investigating A.D.'s rape claims to counter the rape allegations. Appellant also points out that Appellee was granted a continuance while the Magistrate summarily denied Appellant's motion for discovery because of "time constraints." Having filed the appropriate motions to continue and having properly raised an objection regarding the

denial, Appellant concludes the decision denying his continuance was an

abuse of discretion.

{¶24}  R.C. 3113.31(D)(2)(a) provides:

 If the court, after an ex parte hearing, issues an order * * *, the court shall schedule a full hearing for a date that is within seven court days after the ex parte hearing. * * * The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing.  The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division.  Under any of the following circumstances or for any of the following reasons, the court may grant a continuance of the full hearing to a reasonable time determined by the court:

(i)     Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing.
(ii)    The parties consent to the continuance.
(iii)   The continuance is needed to allow a party to obtain counsel.
(iv)    The continuance is needed for other good cause.

{¶25}  Appellant also argues he had the right to depose Appellee and

A.D. or, in the alternative, require them to respond to interrogatories.

Regarding discovery in a R.C. 3113.31 proceeding, Civ.R. 65.1(D) provides:

(1) Time.  Discovery under this rule shall be completed prior to the time set for the full hearing.
(2) Discovery Order.  Discovery may be had only upon the entry of an order containing all of the following to the extent applicable:
(a) The time and place of the discovery;

(b) The identities of the persons permitted to be present, which shall include any victim advocate; and

(c) Such terms and conditions deemed by the court to be necessary to assure the safety of the Petitioner, including if applicable, maintaining the confidentiality of the Petitioner's address.

{¶26} Based upon our review of the pleadings, the hearing transcript, and the arguments of the parties, Appellant has failed to convince us that he was denied due process due to the Magistrate's denials of Appellant's oral motion for continuance and his written request to depose A.D. Therefore, we find the Magistrate did not abuse its discretion in denying Appellant's motions. Nor did the trial court abuse its discretion in overruling this objection post-trial.

{¶27} " ' " There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." ' " *In re C.M.* 4th Dist. Athens Nos. 17CA16, 17CA17, 2017-Ohio-9037, at ¶ 41, quoting *State v. Unger,* 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981), quoting *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841 (1964). "The Ohio Supreme Court has adopted a balancing approach that recognizes 'all the competing considerations' to determine whether a trial court's denial of a motion to continue constitutes an abuse of

discretion." *In re C.M.,* at ¶ 41, quoting *Unger,* 67 Ohio St.2d at 67. In exercising its discretion, a trial court should "[w]eigh[ ] against any potential prejudice to a defendant * * * concerns such as a court's right to control its own docket against the public's interest in the prompt and efficient dispatch of justice." *Id.* A court should also consider: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and (6) other relevant factors, depending on the unique circumstances of the case. *Id.; State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 147.[3]

{¶28} In response to the first assignment of error regarding the denial of continuance, Appellee points to the well-documented timeline of the case. The full hearing initially scheduled for April 30, 2021 was continued at the request of both parties. Appellant's attorney filed a motion to permit

---

[3] Furthermore, nothing requires trial courts to specifically articulate an analysis of each *Unger* factor in its decisions on such motions. *See State v. Dickens,* 4th Dist. Scioto No. 09CA3272, 2009-Ohio-4541, at ¶13.

depositions.  Appellant's motion indicated a deposition date of  "May 18, 2021 in the morning" and indicated that "Respondent need not attend."

{¶29}  When Appellee filed a Motion for Protective Order and Memorandum in Opposition to Respondent's Motion to Permit Deposition, she advised that she had not consented to depositions.   The Magistrate later vacated the order granting depositions.  However, the Magistrate's Order stated "if Counsel would like to use a limited number of interrogatories, the Court would consider a request of this nature."  This order was entered May 11, 2021.

{¶30}  Appellee further notes that 27 days later, Appellant filed "Respondent's Motions," requesting leave to serve Appellee with interrogatories and asking the Magistrate to order that responses be provided in 11 days.  In this motion, Appellant also requested a continuance if the interrogatory responses were not timely received. The Magistrate denied this request on June 11, 2021.  Thereafter, Appellant made an oral motion to continue at the full hearing, arguing that he had been "denied discovery."

{¶31}  We do not find the Magistrate abused his discretion when denying Appellant's oral motion to continue the full hearing, nor did the trial court abuse its discretion when it overruled Appellant's post-trial objection regarding the same.  Appellant did not demonstrate good cause for the

continuance.  The record reflects that the full hearing had been continued

previously upon the request of the parties.  The trial court also cited the

Supreme Court of Ohio's requirement that cases of this nature be completed

within 30 days. Even when Appellant was advised on May 11, 2021 that the

court would entertain a request for interrogatories, Appellant and his

counsel's failure to proffer such a request until 27 days later can only be

characterized as a dilatory response.  Based on the foregoing, we do not find

the trial court abused its discretion in denying the continuance.  The first

assignment of error is without merit and is hereby overruled.

{¶32}  As to Appellant's argument raised in the second assignment of

error regarding an alleged denial of discovery, we observe that a trial court

ordinarily abuses its discretion by limiting discovery when "[t]he record

discloses that further discovery was warranted in order to fully prepare to

litigate" the pertinent legal issues.  The Magistrate denied the request to

depose A.D. and the trial court overruled Appellant's objection to the denial.

Both the Magistrate and the trial court recognized the distress a deposition

might cause A.D., given that she would have to recite the details of her

allegations of rape.   The trial court observed that the Magistrate followed

the dictates of Rule 65.1 which permits discovery "only upon the entry of an

order." And again, the record demonstrates that Appellant failed to timely act when given the opportunity to submit interrogatories.

{¶33} Under the circumstances of this case, we cannot find that the trial court abused its discretion in overruling Appellant's objection to the Magistrate's Decision denying Appellant's request to depose A.D. Accordingly, the second assignment of error is hereby overruled.

> III.  THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DECLARED [A.D.] NOT TO BE A PARTY SUBJECT TO DISCOVERY.

{¶34} Under the third assignment of error, Appellant asserts that A.D., as a protected party named on the DVCPO, was subject to discovery. Appellant points out A.D. was a family member pursuant to R.C. 3113.31(A)(3)(ii). Appellant argues that "according to the judge, discovery provided for by the statute is inapplicable to a minor child for whom mother seeks protection even though that child is the primary accuser." Appellee responds that Appellant has provided no authority to support the proposition that a minor child added as a protected party to a DVCPO, becomes an actual party to the action and a proper recipient of interrogatories.

{¶35} Parties have a right to liberal discovery of information under the Rules of Civil Procedure. *Ward v. Summa Health Sys.,* 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, at ¶ 9. *See Moskovitz v. Mt. Sinai*

*Med. Ctr.,* 69 Ohio St.3d 638, 661-662, 635 N.E.2d 331 (1994).  Civ.R.

30(A) provides that "any party may take the deposition of any person,

including a party."  Even if A.D. is considered a non-party, she could still be

compelled to give a deposition.  Civ.R. 33(A) provides that "[a]ny party * *

* may serve upon *any other party*, up to forty written interrogatories to be

answered by the party served."  (Emphasis added.)

{¶36} Nevertheless, we need not consider Appellant's argument about

A.D.'s status as a party because it was not raised in Appellant's objections to

the Magistrate's Decision.[4]  In *Casto v. Lehr,* 5th Dist. Tuscarawas No.

2020AP0002, 2020-Ohio-3777, at ¶18, the appellate court explained:

> Pursuant to a July 1, 2016 amendment to Civ.R. 65.1, * * * "a
> party must timely file objections to such an order under division
> (F)(3)(d) of this rule prior to filing an appeal, and the timely
> filing of such objections shall stay the running of the time for
> appeal until the filing of the court's ruling on the objections."
> Civ.R. 65.1(G).   The amendment was specifically made "to
> require that a party must file objections prior to filing an appeal
> from a trial court's otherwise appealable adoption, modification,
> or rejection of a magistrate's ruling."  *C.F. v. T.H.R.,* 10th Dist.
> Franklin No. 18-AP-536, 2019-Ohio-488, at ¶ 5, citing Civ.R.
> 65.1, Division (G) notes.  As the 2016 Staff Note explains: "[t]his
> amendment is grounded on two key principles.  First, it promotes
> the fair administration of justice, including affording the trial
> court an opportunity to review the transcript and address any
> insufficiency of evidence or abuse of discretion that would
> render the order or a term of the order unjust.  Second, it creates

---

[4] The closest Appellant comes to presenting the argument that the trial court somehow "declared" A.D. to be a non-party is in Objection 1 wherein he asserts the Magistrate committed error in denying his motion to continue the final hearing in order to complete depositions of A.D. and her mother, and in Objection 2, wherein he asserts that the Magistrate denied him the right to take discovery.

a more robust record upon which the appeal may proceed." *Post v. Leopardi,* 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890, at ¶ 13.

*See also Daniels, supra, at* ¶ 11. The language of Civ.R. 65.1(G) is mandatory and a failure to timely file objections to the granting or dismissing of a civil protection order, prior to appeal, is a violation of Civ.R. 65.1(G). Because Appellant failed to raise in the court below the argument he now attempts to assign as error, we cannot reach the merit of this argument. *See also N.S. v. E.J.*, 9th Dist. Summit No. 29657, 2020-Ohio-4971, at ¶ 15 (Where party did file timely objections but failed to object on basis raised on appeal, trial court never had the opportunity to consider argument and appellate court could not reach merits of argument).

{¶37} Additionally, as already observed herein, it does not appear that the Magistrate denied Appellant's motion for deposition and request for interrogatories on the basis of any "declaration" that A.D. is a non-party. The record reflects that in the Magistrate's Order of May 11, 2021, the depositions were denied due to the limited time of 30 days for completing cases under R.C. 3113.31 and the possibility of intimidation of A.D. as a minor witness. As previously indicated, interrogatories were denied because they were submitted in such an untimely manner that it would likely have necessitated another continuance of the full hearing.

{¶38} Nevertheless, based on Appellant's failure to raise this argument in his objections to the Magistrate's Decision, we decline to consider Appellant's third assignment of error.

IV.  THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED RESPONDENT THE RIGHT TO PRESENT A POLYGRAPH DEFENSE.

A. STANDARD OF REVIEW

{¶39}  " 'The admission or exclusion of evidence generally rests within a trial court's sound discretion.' " *State v. Sheets,* 4th Dist. Jackson No. 21CA6, 2023-Ohio-2591, at ¶ 93, quoting *State v. McCoy,* 4th Dist. Pickaway No. 19CA1, 2020-Ohio-1083, ¶ 20. "Thus, absent an abuse of discretion, an appellate court will not disturb a trial court's ruling regarding the admissibility of evidence." *Id.*

B. LEGAL ANALYSIS

{¶40}  "Generally, 'polygraph test results are admissible into evidence only when the defense and prosecution agree to its admissibility.' " *State v. Gilliam,* 4th Dist. Pickaway No. 15CA19, 15CA20, 2016-Ohio-2950, at ¶ 34, quoting *State v. Landrum,* 4th Dist. Highland No. 14CA12, 2014-Ohio-5714, ¶ 9, citing *State v. Dutiel,* 5th Dist. Perry No.2012-CA-11, 2012-Ohio-5349, ¶ 20.  In *Dutiel,* the appellate court explained:

The Ohio Supreme Court has "not adopted the unrestrained use of polygraph results at trial, and polygraphs themselves remain controversial." *In re D.S.*, 111 Ohio St.3d 361, 856 N.E.2d 921, 2006-Ohio-5851, ¶ 13. Moreover, as stated in *State v. Barton,* 12th Dist. No. CA2005-03-036, 2007-Ohio-1099, the results of a polygraph examination are generally "inadmissible since such tests have not attained scientific or judicial acceptance as an accurate and reliable means of ascertaining truth or deception." *Id.* at ¶ 98.

*Dutiel* at ¶ 19. The *Dutiel* court further explained:

A trial court cannot admit the results of a polygraph test into evidence simply at an accused's request. *State v. Jamison,* 49 Ohio St.3d 182, 190, 552 N.E.2d 180 (1990). Instead, polygraph test results are only admissible if both the prosecution and defense jointly stipulate that the accused will take a polygraph test and that the results will be admissible. *Id*.; *State v. Souel,* 53 Ohio St.2d 123, 372 N.E.2d 1318 at syllabus; *In re D.S.* at ¶ 13. However, even when there is a stipulation between the parties to that effect, the polygraph test results are still only admissible if the trial court, in its sound discretion, decides to accept such evidence, and then for corroboration or impeachment purposes only. *Souel* at syllabus; *In re D.S.* at ¶ 13.

*Dutiel,* at ¶ 20.

{¶41} In this case Appellee did not agree to the polygraph results Appellant sought to introduce into evidence. Therefore, consistent with the well-established law of Ohio, the results of defendant's polygraph tests are inadmissible at trial. *See Dutiel* at ¶20. (Internal citations omitted.) Thus, we cannot find the Magistrate abused its discretion in denying Appellant's request to present polygraph evidence nor did the trial court err in overruling

Appellant's objection regarding the same.  The fourth assignment of error is

hereby overruled.

V.      THE TRIAL COURT COMMITTED PREJUDICIAL
        ERROR WHEN IT DID NOT RESTRICT EVIDENCE
        TO THE ALLEGATIONS OF THE PETITION.

A. STANDARD OF REVIEW

{¶42}  Appellant argues that the Magistrate improperly allowed

evidence that exceeded the scope of the initial allegations in Appellee's

vague petition.  If true, this implies that issues not raised by the pleadings

nevertheless were tried by the Magistrate.  The provisions of Civ.R. 15(A)

state in pertinent part that parties may amend their pleading by leave of court

and that such leave "shall be freely given when justice so requires." *Martin*

*v. Wandling,* 2016-Ohio-3032, 65 N.E.3d 103 (4th Dist.) at ¶ 34.  This Court

and others have long noted that the ultimate decision to grant leave to amend

a pleading is vested in the sound discretion of the trial court and its decision

on such matters will not be reversed absent a showing of an abuse of that

discretion. *Id.*

{¶ 43} Civ.R. 15(B) allows for the amendment of pleadings to

conform to the evidence presented at trial and provides:

> When issues not raised by the pleadings are tried by
> express or implied consent of the parties, they shall be
> treated in all respects as if they had been raised in the

pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.

### B. LEGAL ANALYSIS

{¶44} Under the fifth assignment of error, Appellant contends that the Magistrate erred in permitting Appellee and A.D. to testify to acts not pled in the petition. Appellant argues that due process requires that the allegations be sufficiently identified as to act and date so that one may respond to them. Appellant provides the following list of statements in evidence as allegations supposedly deficient as to specific act or date:

1) "Grabbed my daughter through her clothes."

2) "Choked [sic] her and smacked her."

3) "Watching her undress and telling her how sexy she was in her volleyball uniform."

4) "Leaving the bathroom door open when she is taking a shower."

5) "Forced himself on her and had sex on 4/28/2019."

6) "Again in May, 2019."

7) "When she was little, he pulled a gun on me when I was holding [A.D.] stating he was disappointed we had a girl."

8) "He has hit me also in front of [A.D.]."

{¶45} In response, Appellee points out that Appellant fails to cite to the portion of the record where the above statements occurred. Appellee also cites the well-established case law that the appellate court need not scour the record to find information relevant to appellate arguments. *See State v. Brown,* 2023-Ohio-2064, - - N.E.3d - -, at fn 1, (8th Dist.), (internal citations omitted), citing App.R. 16(A) which requires the parties to identify the portion of the record establishing the information relevant to the arguments presented. *See also State v. Sims*, 2023-Ohio-1179, 212 N.E.3d 458, at ¶ 81 (4th Dist.).

{¶46} At the conclusion of the full hearing, the Magistrate made the following findings:

> [T]hat there has been abuse and domestic violence committed by Respondent during the marriage and thereafter. [A.D.] recalled violence in the household when the parties were marred. She also testified that Respondent had touched her inappropriately in a sexual manner. [A.D.] testified that Respondent stated that she looked sexy in her volleyball uniform. [A.D.] stated that Respondent choked her. [A.D.] also testified that Respondent engaged in sexual intercourse with her on two occasions in 2019 but she did not report the rapes timely.

Respondent denied the allegations. [A.D.] testified that she becomes panic-stricken and hyperventilates when Respondent's around. She suffers a meltdown in his presence.

{¶47} As Appellee has noted, Appellant has not directed us to the portions of the transcript necessary for our review of this assignment of error. Nevertheless, in the interest of justice, we will address Appellant's arguments in a limited fashion.

{¶48} Based upon our comprehensive review of the full hearing transcript, we have been unable to find the first statement set forth in the above list—Appellee's testimony that Appellant "grabbed my daughter through her clothes." However, the remaining seven statements are all properly pled in Appellee's petition, nearly word for word. We also observe that when Appellee testified as such, Appellant did not object. Furthermore, A.D. also testified as to the information contained in the statements listed, 2 through 6, also with no objection from Appellant.

{¶49} During the full hearing, A.D. testified her father choked and smacked her in the summer of 2019. She testified Appellant watched her undress and commented on her appearance in her volleyball uniform in the fall of 2018. A.D. testified he made her leave the bathroom door open as she showered at his rental house in the summer of 2018. A.D. testified to

sexual intercourse occurring in April 2019 and May 2019, with no objections raised.

{¶50} The two final statements on Appellant's list set forth above, 7 and 8, concern Appellee's testimony that Appellant pulled a gun on her when she was holding A.D. when A.D. was "little" and her testimony that Appellant hit her in front of A.D. Any argument with regard to these statements is moot in that, as previously noted, the trial court sustained the objection regarding Appellee and removed her as a protected party on the DVCPO.

{¶51} As to these two final statements, Appellant did not object to A.D.'s testimony which mirrored the statements A.D.'s mother submitted in her petition. Except for statement 1 in the above list, the evidence Appellant complains of does not appear to be outside of the pleadings. And, Appellant has not directed us to portions of the transcript which would support his argument. Based on the foregoing, we cannot find that evidence outside of the pleadings was actually allowed, nor that the Magistrate abused its discretion with regard to the admission of evidence at the full hearing. As such, the assignment of error is without merit and is hereby overruled.

VI.    THE TRIAL COURT COMMITTED PREJUDICIAL
       ERROR WHEN IT REFUSED TO REHEAR THE CASE
       TO WEIGH THE CREDIBILITY OF THE VICTIM.

VII.   THE DECISION OF THE TRIAL JUDGE TO GRANT
       THE CPO WAS AGAINST THE MANIFEST WEIGHT
       OF THE EVIDENCE.

{¶52}  Because the issues and arguments within these

assignments of error are interrelated, we consider them jointly. Appellant

argues that R.C. 3113.31, Civ.R. 53, and Civ.R. 65.1 are *in paria materia*

and must be harmonized if possible.  He argues that Civ.R. 65.1 does not

completely supersede Civ.R. 53 and that a trial judge has the right to retry a

case when he or she believes the credibility of a victim is suspect and wants

to make his or her own credibility determinations.  The interplay of R.C.

3113.31 and the civil rules has been discussed at length above.  As noted at

paragraph 13 above:

> Civ.R. 65.1(A) provides that "[t]he provisions of the
> rule apply to special statutory proceedings under R.C.
> 3113.31 * * * and supersede and make inapplicable in such
> proceedings the provisions of any other rules of civil
> procedure to the extent that such application is
> inconsistent with the provisions of this rule." *See also*
> 2012 Staff Notes to Civ.R. 65.1.

{¶53} Appellant also argues the trial court's decision granting the

DVCPO was against the manifest weight of the evidence.  Citing A.D.'s

testimony about an alleged rape, Appellant concludes that A.D. was not

credible and that if the polygraph had been admitted, the trial court would

have denied the DVCPO.  For the reasons which follow, we disagree with

Appellant's arguments.

## A.  STANDARD OF REVIEW

{¶54}  " ' "Our standard of review upon a challenge to a CPO

depends upon the nature of the challenge to the CPO." ' " *York v. York*,

2022-Ohio-4733, 203 N.E.3d 866, at ¶ 46 (4th Dist.), quoting *Wootten v.*

*Culp*, 2017-Ohio-665, 85 N.E.3d 198, ¶ 8 (4th Dist.), quoting *Walters v.*

*Walters,* 150 Ohio App.3d 287, 2002-Ohio-6455, 780 N.E.2d 1032, ¶ 9 (4th

Dist.).  As in Appellant's case,

> [w]hen the issue is whether a CPO should have been
> issued at all, we must determine whether the trial court's
> finding that the petitioner has shown by the preponderance
> of the evidence that the petitioner or petitioner's family or
> household members are in danger of the domestic violence
> is against the manifest weight of the evidence.

*Martindale v. Martindale,* 2017-Ohio-9266, 102 N.E.3d 19, ¶15 (4th Dist.),

citing *Wootten* at ¶ 18.

{¶55} In undertaking a manifest-weight-of-the-evidence

review, "[w]e are guided by the presumption that the trial court's factual

findings are correct because of the knowledge that the trial judge 'is best

able to view the witnesses and observe their demeanor, gestures and voice

inflections, and use these observations in weighing the credibility of the

proffered testimony.' " *Henry v. Henry,* 4th Dist. Ross No. 4CA2781, 2005-

Ohio-67, 2005 WL 43888, ¶ 14, quoting *Seasons Coal. Co. v. Cleveland,* 10

Ohio St.3d 77, 79, 461 N.E.2d 1273 (1984).  "[W]e thus defer to the trier of

fact on these issues[.]" *Wootten* at ¶ 20, citing *State v. Kirkland,* 140 Ohio

St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 132.  And the trier of fact is

free to believe all, part, or none of any witnesses' testimony.  *Id.,* citing *State*

*v. West,* 4th Dist. Scioto No. 12CA3507, 2014-Ohio-1941, at ¶ 23.

{¶56} Under a manifest-weight-of-the-evidence review,

"[a]n appellate court will not reverse a trial court's judgment so long as it is

supported by any competent, credible evidence going to all of the essential

elements of the case." *Bugg v. Fancher,* 4th Dist. Highland No. 6CA12,

2007-Ohio-2019, ¶ 9, citing *C.E. Morris Constr. Co. v. Foley Constr. Co.,*

54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978).

> Under this highly deferential standard of review, a
> reviewing court does not decide whether it would have
> come to the same conclusion as the trial court.  Rather, we
> are required to uphold the judgment so long as the record,
> as a whole, contains some evidence from which the trier
> of fact could have reached its ultimate factual conclusions.

*Bugg, supra*, citing *Seasons Coal Co. v. Cleveland,* 10 Ohio St.3d 77, 79, 461

N.E.2d 1273 (1984).  Ultimately, a reviewing court should find a trial court's

decision is against the manifest weight of the evidence only in the exceptional

case in which the evidence weighs heavily against the decision. *Wootten* at ¶

21, citing *State v. McKelton,* 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 330.

{¶57} We are also mindful that it is the fact-finder who is best able to weigh the evidence and judge the credibility of witnesses by viewing the demeanor, voice inflections, eye movements, and gestures of the witnesses. *See B.L.L., supra*, at ¶34; *Seasons Coal,* 10 Ohio St.3d at 80; *State v. DeHass,* 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). As a consequence, when there are two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one should be believed. *See State v. Gore,* 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999).

{¶58} Finally, a party objecting to the trial court's adoption of the magistrate's order assumes an affirmative burden under Civ. R. 65.1(F)(3)(d)(iii) to demonstrate that:

> • an error of law or other defect is evident on the face of the order;
> • the credible evidence of record is insufficient to support the granting or denial of the protection order; or
> • the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order.

*B.L.L., supra,* at ¶40.

## B. LEGAL ANALYSIS

{¶59} Appellant first contends that the trial court committed prejudicial error and infringed upon his due process rights by refusing to rehear the case and re-evaluate A.D.'s credibility. " 'Generally speaking, "[a] hearing before judgment, with full opportunity to present all the evidence and arguments the party deems important, is all that can be adjudged vital under the guaranty of due process of law." ' " *Short v. Short,* 2019-Ohio-5315, 150 N.E.3d 421, at ¶39, (11th Dist.), quoting *Armstrong v. Armstrong,* 2d Dist. Clark No. CA2951, 1993 WL 76940, *2 (Mar. 17, 1993), quoting *Gallagher v. Harrison,* 86 Ohio App. 73, 77, 88 N.E.2d 589 (1st Dist.1949). " ' "In fact, rehearings or new trials are not essential to due process of law." ' " *Short, supra,* quoting *Armstrong supra,* quoting *Gallagher, supra,* 86 Ohio App. 73, 77 (1st Dist.1949).

{¶60} As discussed above, DVCPO's are not subject to the requirements of Civ.R. 53 (D) (2). The applicable rule, Civ.R. 65.1 does not refer to taking additional evidence or holding a rehearing, indicating that to do so is within the court's discretion but certainly not required. And, given the well-established law regarding credibility, the trial court's decision not to hold a rehearing and to rely solely upon the magistrate's perceptions is also certainly understandable and well within the court's discretion. *See L.L.L. v. Junies,* 2d Dist. Greene No. 2013-CA-31, 2014-Ohio-141, ¶ 15 (when

reviewing testimony given in a protection order case "we must defer to the credibility determination made by the magistrate and adopted by the trial court").   Based on the foregoing, we find no merit to the sixth assignment of error and it is hereby overruled.

{¶61} Under the final assignment of error, Appellant asserts that the description of the sex act described by A.D. was "incredible," and summarizes the testimony as follows:

> Her shorts were pulled down to her knees.  She was unable to spread her legs, dad inserted his penis with only penetration once and not "humping."   There was no ejaculation.  She could not describe what an erection is. Enough said.

Appellant claims his daughter's testimony is further discredited due to the lack of physical evidence such as DNA, due to the fact he has not been charged with her rape, and due to the delay in disclosure from April 28, 2019 until September 2019, and only in the manner of a "me too" response to another teenage girl.  Appellant asserts that A.D.'s motives for reporting alleged sexual conduct were at her mother's behest and for her mother's benefit.  As previously discussed, the Magistrate found A.D. to be credible and the trial court referenced the Magistrate's credibility finding in the Decision on Appellant's Objections.

{¶62} At the full hearing, A.D. testified that her father hit her mother "her whole life." A.D. testified:

Q:    Were there any incidences where you saw Respondent physical harm your mother?

A:    Yes. Basically like my whole life growing up and they were still together.

A.D. continued:

Q:    Anything else you remember specifically, any incidents?

A:    Well, I know he's like, I don't know, like thrown like her phone and stuff outside. He locked me and her outside multiple times when I was growing up. Whether it was cold, hot, whatever it was. And one time me and my mom got in the car to, we ended up getting away from him because when he gets mad, it's bad. It's like it's not human. And he ripped the door handle off the car and threw it at the car as we were backing out and was throwing rocks in the driveway at the car with me and her inside of it.

{¶63} None of the above testimony given by A.D. was objected to. As discussed above, the Magistrate cited abuse and domestic violence during the marriage and thereafter, which A.D. remembered. The Magistrate also referenced A.D.'s allegations of sexual conduct and Appellant's denial. The Magistrate noted that "[A.D.] testified that she becomes panic-stricken and hyperventilates when [Appellant's] around. She suffers a meltdown in his presence."

{¶64} The trial court also noted there was testimonial evidence that Appellant committed two rapes. Additionally, the trial court noted A.D.'s testimony that "[Appellant] choked her and that she couldn['t breathe and thought he was going to kill her. [A.D] later experienced mental distress when she received communication from [Appellant]." While the trial court also noted Appellant's denials, the trial court stated "The Magistrate clearly found the testimony of [A.D.] more credible than the denial testimony of [Appellant]" After citing the Civ.R. 65.1 and the staff notes, the trial court wrote:

> This Court has read the trial transcript in its entirety and finds that [A.D.]'s testimony proves by a preponderance of the evidence that [Appellant] engaged in acts of domestic violence against her. As such, the Magistrate's decision granting the DVCPO is supported by sufficient evidence and was not against the manifest weight of the evidence.

{¶65} Appellant directs us to *Pinkston v. White*, 12th Dist. Butler No. CA2019-06-094, 2019-Ohio-5165, wherein the appellate court observed that " *** when a trial court judge commits credibility determinations to a magistrate, the presumption that a subsequent credibility determination made by the trial court is correct is lessened." *Id.* at ¶32, citing *Kubin v. Kubin,* 140 Ohio App.3d 367, 747 N.E.2d 851, 853 (12th Dist.). Appellant argues that "[the Judge's] finding [A.D.] was credible by adopting the Magistrate's

determination as his own lessens the presumption of correctness to be applied by this court."  Based upon our review of the record and the pertinent law, we are not persuaded that the trial court's credibility determination is incorrect.

{¶66}  We have reviewed *Pinkston.*  While noting the 12th District's language regarding the presumption of a subsequent credibility finding made by a trial court after first committing the matter to a magistrate, the appellate court further concluded, "Regardless, the presumption that the trial court is correct in its judgment still exists."  *See Pinkston, supra,* at ¶32.  The appellate court ultimately affirmed the trial court's decision, finding no error in the weight given to the testimony of Pinkston.[5]

{¶67}  A.D.'s  testimony indicates that incidences of violence occurred when she was "little" and her parents were still married.      " 'Whether an occurrence of domestic violence is recent enough to warrant a civil protection order is a matter committed to the sound discretion of the trial court.' "  *Welch v. Staggs*, 4th Dist. Scioto No. 08CA3216, 2009-Ohio-379, at ¶20, quoting *Henry v. Henry*, 4th Dist. Ross No. 04CA2781, 2005-Ohio-67, ¶18, citing *Murral v. Thompson,* 4th Dist. Hocking No. 03CA8,

---

[5] Nothing novel requires us to entertain a full-blown discussion of *Pinkston.*  The trial court reversed a magistrate's decision denying Pinkston a DVCPO.  Unlike the facts in this case, Pinkston had one independent witness and photographs depicting injuries.

2004-Ohio-432. Thus, the weight to be accorded to past incidents of domestic violence "is a matter within the court's discretion." *Id.*

{¶68} While in this appeal Appellant focuses on the testimony regarding the rape allegations, A.D. also testified her father choked her and she thought he was going to kill her. In the full order, which is a standard Form 10.0 "Domestic Violence Civil Protection Order (DVCPO) Full Hearing," the Magistrate found "[A.D.] recalled violence in the household when the parties were married." The Magistrate reiterated all of the allegations, and that Respondent denied the allegations. The Magistrate noted "[A.D.] testified that she becomes panic-stricken and hyperventilates when Respondent's around. She suffers a meltdown in his presence."

{¶69} In the Magistrate's Findings of Fact and Conclusions of Law, he also set forth all the testimony of the parties. The Magistrate noted at Paragraph 16 that during cross-examination, A.D. testified she was afraid of Appellant and did not want to be alone with him because he had "hurt her mother and her in the past." The Magistrate also noted that there was no physical evidence and acknowledged a delay in the reporting of the alleged rapes. The Magistrate referenced Appellant's claim that A.D. had been "propagandized" against him possibly due to the financial circumstances resulting from the parties' divorce.

{¶70} The trial court's decision did not reference the sexual conduct but wrote only that "acts of domestic violence" had been proven by a preponderance of the evidence. Both the Magistrate and the trial court noted the testimony regarding A.D.'s mental distress and "meltdowns." The Magistrate set forth at Paragraph 18 in his Conclusions of Law that A.D. was "crying and visibly shaken" as she testified at the full hearing.

{¶71} After reviewing the record, we find there is no evidence in the record that would call into question the trial court's decision to defer to the magistrate's credibility determinations. We find that A.D.'s testimony, if believed, proved by a preponderance of the evidence that Appellant engaged in domestic violence against her. As such, we find the trial court's decision granting the DVCPO was supported by sufficient evidence and was not against the manifest weight of the evidence. The final assignment of error is overruled and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.:  Concur in Judgment and Opinion.

For the Court,


BY:    _____
Jason P. Smith
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**