[Cite as *Hasbrook v. Hasbrook*, 2025-Ohio-418.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

MILLARD A. HASBROOK,

    PLAINTIFF-APPELLANT,

  v.

RUTH E. HASBROOK,

    DEFENDANT-APPELLEE.

CASE NO. 15-24-08

O P I N I O N

---

**Appeal from Van Wert County Common Pleas Court
Domestic Relations Division
Trial Court No. DV-24-01-004**

**Judgment Affirmed**

**Date of Decision: February 10, 2025**

---

**APPEARANCES:**

    *Millard Arthur Hasbrook,* **Appellant**

    *Angela M. Elliott* **for Appellee**

**WALLAMOWSKI, J.**

**{¶1}** Petitioner-appellant Millard Hasbrook ("Appellant") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County, Domestic Relations Division overruling his objections to the magistrate's decision to deny his petition for a domestic violence civil protection order ("CPO") filed against respondent-appellee Ruth Hasbrook ("Appellee"). On appeal Appellant claims that 1) the magistrate was biased, 2) the trial court should have instructed him how to proceed properly as he was acting pro se, and 3) the evidence supports his request for a CPO. For the reasons set forth below, the judgment of the trial court is affirmed.

**{¶2}** This appeal stems from the denial of Appellant's petition for a domestic violence CPO. On January 10, 2024, Appellant petitioned the court for a CPO alleging that Appellee, his then wife, had committed domestic violence against him by hitting him in the face and by kicking him when they were in their bed. Doc. 1. Appellant also claimed that Appellee was a danger to the children[1] and herself. Doc. 1. A hearing was held on April 19, 2024. On April 24, 2024, the magistrate issued a recommendation denying the petition for the CPO. Doc. 19. Appellant filed

---

[1] During the pendency of this matter, the couple only had one child. At the time of the hearing, Appellee was pregnant with their second child. "Under the plain language of R.C. 3113.31, a viable fetus is outside the statutory definition of persons entitled to seek relief" via a CPO. *Smith v. Martin*, 2009-Ohio-3440 (10th Dist.). Since the purpose of a CPO is to require a respondent to stay away from the petitioner, it would be impossible to require a pregnant mother to stay away from the viable fetus.

objections to the magistrate's recommendations. Doc. 21. On July 2, 2024, the trial court overruled the objections and denied the petition for a CPO. Doc. 31. Appellant appealed from this judgment and on appeal raises the following issues on appeal.[2]

1. The trial court abused its discretion in denying the petition for a CPO.

2. The trial court demonstrated bias against Appellant.

3. The trial court failed to consider Appellee's motives for her behavior.

4. The trial court failed to consider Appellee's recollection and "inadequate defense of unconsciousness" regarding the second alleged incident.

5. The trial court failed to address Appellee's dangerous driving with the child in the car.

6. The trial court failed to address Appellee's neglect of the child.

7. The trial court failed to ensure procedural fairness.

{¶3} We initially note that Appellant's brief does not set forth specific assignments of errors, instead merely presenting arguments. An appellate brief must contain "a statement of the assignments of error presented for review with reference to the place in the record where each error is reflected." App.R. 16(A)(3). Appellant's brief does not do so. However, in the interest of justice, we will

---

[2] Appellant filed his brief pro se. The brief does not contain specified assignments of error, but does raise several issues in the argument.

consider the arguments raised in Appellant's brief. As the arguments are related, we will address them together.

*Standard of Review*

{¶4} A person may seek relief from domestic violence by filing a petition with the trial court for a CPO. R.C. 3113.31(C). The petition must contain 1) allegations that the respondent engaged in domestic violence against a family member, including a description of the behavior alleged; 2) the relationship between the respondent and the petitioner or victim if not the petitioner; and 3) a request for relief. R.C. 3113.31(C). "Domestic violence" is defined as either recklessly causing or attempting to cause bodily injury or placing another person in the household by the threat of force in fear of imminent serious physical harm. R.C. 3113.31(A)(1).

{¶5} The standard of review upon a challenge to a CPO depends upon the nature of the challenge. *Dietrich v. Dietrich,* 2023-Ohio-4822 (4th Dist.). When the issue before the trial court is whether the trial court should have granted or denied a CPO, the standard of review is whether the decision is against the manifest weight of the evidence. *Id*. Appellate courts will not reverse a trial court's decision regarding the issuance of a CPO if there is some competent, credible evidence. *J.R. v. E.H.*, 2017-Ohio-516 (10th Dist.). An appellate court will presume that the findings of the trial court are correct as the trial court views the witnesses and weighs the credibility of the parties' testimony. *Guthrie v. Long*, 2005-Ohio-1541 (10th Dist.). In order to grant a CPO in the case of domestic violence, "the trial court must

find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." *Felton v. Felton*, 1997-Ohio-302 at 42.

*Analysis*

{¶6} In this case, Appellant claims there were two instances of domestic violence against him. The first was an allegation that Appellee struck Appellant in the face with her hand. Appellee admitted that she struck him, but claimed it was an accident. Tr. 50. The findings of fact described the incident as follows.

> . . . [Appellant] was following [Appellee] around the house. Appellant states that [Appellee] was angry at the time. At some point, [Appellee] stopped and turned around while making a motion with her hand. [Appellant] was close enough that [Appellee's] hand made contact with [Appellant's] face. [Appellant] did not seek medical treatment as a result. This occurred about ten months prior to the filing of the Petition.

Doc. 19 at 1. The trial court found this did not meet the definition of domestic violence or assault as it lacked the requisite intent to cause harm. The finding is supported by the testimony of Appellee.

{¶7} The second incident occurred in 2023. Appellant claimed that Appellee had kicked him while they were in bed. The findings of fact indicate as follows.

> [Appellee] was in bed sleeping. [Appellant] had been up with the minor child. [Appellant] climbed back into bed. It appears that [Appellee] began to thrash about, as she was tangled in the covers. As [Appellee] was thrashing about, [Appellee] kicked [Appellant's] Achilles/heel area with her foot. [Appellee] has no recollection of the incident.

Doc. 19 at 1-2. Appellee testified that she did not really remember the incident because she was half asleep. Tr. 18-19. She only recalled being tangled in the sheet and her nightgown and kicking to get loose. Tr. 18. She only knew that she struck Appellant when he told her the next morning. Tr. 17, 51. Although Appellant testified that Appellee was awake and aware of what she was doing, the trial court determines the credibility of the witnesses. The findings were supported by some competent, credible evidence.

{¶8} Next Appellant claims that the trial court was biased against him and "berated" him. However, Appellant claims that the evidence of this was in the related custody case. That case is not before us on appeal and is therefore not subject to our review. *State v. Feemorlu,* 2015-Ohio-4528 (3d Dist.) (Appellate courts may only consider items in the record before the trial court) and App.R. 9(A). A review of the record before this Court at this time does not show that the trial court exhibited a bias against Appellant.

{¶9} Appellant argues that the trial court failed to consider Appellee's frustration when determining her motive for her actions. A review of the record shows that this is not the case. The trial court considered the facts and determined that Appellee lacked any intent to cause bodily injury or behaved in a reckless manner which resulted in bodily injury. Doc. 31. Specifically, the trial court noted that it agreed with the magistrate that the first incident was merely an accident rather than an attempt to hit Appellant or cause him harm. Doc. 31 at 1. Similarly the trial

court agreed that Appellee accidentally kicked Appellant while attempting to untangle herself from bedding rather than an attempt to cause harm to Appellant. Doc. 31 at 1. The trial court's judgment entry stated that it agreed with the conclusions of the magistrate and the magistrate's findings of fact specifically noted that for the first incident, Appellee was angry. The magistrate determined that despite the anger, there was no intent to cause harm and the contact was accidental. These findings show that the magistrate and the trial court did consider the frustration of the Appellee when reaching the conclusions.

{¶10} Appellant also argues that the trial court did not consider "Appellee's recollection and inadequate defense of unconsciousness" concerning the allegation she kicked him while they were in bed. A review of the findings of fact by the magistrate and the judgment entry of the trial court show that Appellee's mental state was considered. The magistrate noted that Appellee had no recollection of the incident. The testimony of Appellee was that she was half-asleep at the time and was merely trying to free herself from being tangled in the sheets and her night clothes. She did not even recall making any contact with Appellant until he told her about it the next morning. The trial court believed Appellee's version of what occurred and determined there was no intent to commit harm. This was supported by the testimony.

{¶11} Next Appellant claims that the trial court erred by failing to consider Appellee's "dangerous driving" with Appellant and/or the child in the car. A review

of the record shows that Appellant presented evidence regarding one accident where Appellee struck another vehicle while driving. Appellee was injured, but the child was secure in his car seat and required no medical attention after being checked out by the EMTs. Appellee did not require the child to be checked by a doctor, instead allowing the child to leave with a family member, who happened to be one of the EMTs on the scene. Appellant disagreed with this decision. The magistrate did consider these facts and found that there was no evidence of any injuries to the child or any harm resulting from the decision not to require the child to be checked at an emergency room. Thus, Appellee's driving was considered by the trial court.

{¶12} Appellant also claims that the trial court did not consider Appellee's "neglect" of their child. The alleged "neglect" was the failure to seek additional medical attention for the child after the car accident as was discussed above. This Court notes that "neglect" of a child is not the basis for a CPO under the statute.

"Domestic violence" means any of the following:

(a) The occurrence of one or more of the following acts against a family or household member:

(i) Attempting to cause or recklessly causing bodily injury;

(ii) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;

(iii) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code;

-8-

(iv) Committing a sexually oriented offense.

R.C. 3113.31(A)(1). The review of the record shows that the magistrate fully addressed this issue.

**{¶13}** Lastly, Appellant claims that he was denied procedural fairness because he acted pro se. Procedural due process guarantees an affected individual the right to some form of hearing with notice and an opportunity to be heard before being divested of a right. *Cleveland Bd. Of Edn. V. Loudermill*, 470 U.S. 532, 542 (1985). "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972). In this case, Appellant does not point to anything in the record to demonstrate the unfairness. Pro se litigants are held to the same standard as litigants represented by counsel. *Village at Galloway Run Condominium Association v. Taylor*, 2024-Ohio-2344 (10th Dist.). A review of the record shows that the magistrate was aware of the difficulties of acting in a pro se manner and provided some guidance to Appellant as to how to present his evidence and advised him to try a different way to present the evidence he wished to present. Many times the objections of Appellee's counsel were overruled. Similarly, the trial court attempted to assist Appellant by considering the arguments raised by Appellant in his objections despite Appellant's failure to clearly state specifically what his objections were. Instead, Appellant merely argued why he disagreed with the findings of the trial court. The record shows that Appellant was granted a hearing and was permitted to

present his evidence and testimony. Thus he was not denied his procedural due process.

{¶14} A review of the record shows that the magistrate fully considered the arguments raised by Appellant. The testimony was given and the trial court determined that Appellant failed to prove by a preponderance of the evidence that Appellee had engaged in domestic violence under R.C. 3113.31. The findings of fact and conclusions of law of the magistrate were supported by the evidence. The trial court then properly reviewed the objections of the trial court. The trial court specifically noted that it had reviewed all 117 pages of the transcript, the pleadings and the magistrate's opinion. The decision of the trial court was likewise supported by some competent, credible evidence. As a result, it will not be reversed by this Court.

{¶15} Having found no error prejudicial to Appellant in the particulars argued, the judgment of the Court of Common Pleas of Van Wert County, Domestic Relations Division is affirmed.

*Judgment Affirmed*

**WALDICK, P.J. and MILLER, J., concur.**

**/hls**